State v. Zwifle.

THE STATE, Plaintiff in Error, v. ZWIFLE, Defendant in Error.

1. A criminal recognizance taken by a county court, as such, must be certified under the seal of the court. If taken by the judges, as magistrates, it must be certified by them, and not by the clerk-of the court.

### Error to Cooper Circuit Court.

*Scire facias* upon a recognizance. The defendants pleaded *nul tiel* record. At the hearing, the State offered to read in evidence a recognizance signed by the defendants, purporting to have been taken in the Cooper county court, conditioned for the appearance of one of them at the next term of the Circuit Court, to answer such indictment as might be preferred against him for burglary, and that he should not depart without leave.

The only certificate to the recognizance was one signed by the clerk, without the seal of the court. The Circuit Court excluded this evidence, and no other being offered, gave judgment for the defendants. The State brings the case here by writ of error.

*Gardenhire*, (attorney general,) for the State.

*Adams*, for defendants in error, referred to 4 Bouvier's Inst. 95, 96, 97; Todd & Means v. The State, 1 Mo. 566; 1 Bouvier's Inst. 342–3; R. C. 1845, p. 893. § 14, p. 862, § 36.

LEONARD, Judge, delivered the opinion of the court.

We had occasion, in the case of the State v. Randolph, (see p. 474) decided at the present term, to consider somewhat at large the doctrine in reference to criminal recognizances; and, referring to the opinion in that case, shall proceed at once to state the ground upon which we think the present judgment must be affirmed. We then remarked that, "at common law, the obligation (of a recognizance) was created by the mere verbal acknowledgment of the party, which the law entrusted the court

or officer with the duty of taking, and certifying to the proper court; but our statute (R. C. 1845, chap. 138, art. 9, § 14) has altered this, and, for the better security of the party against mistake or design, has required all recognizances, taken in open court, to be entered on the minutes of the court, and the substance to be read to the party; and in all other cases, when taken out of court, by any person authorized thereto, to be in writing, and signed by the persons to be bound. Of course, the party is bound as soon as the obligation is entered into in the form prescribed; but if it be taken by an officer, or by another court, it must be certified and filed in the court where the party is bound to appear, in order to render it complete and make it effectual." And then we held that, if it were imperfectly certified, the defect might be amended at any time before the objection was disposed of. The question here is, whether the recognizance was sufficiently certified to the Cooper Circuit Court, so as to entitle the state to execution upon it; and we think that it was not—whether it be considered as a recognizance taken in the Cooper county court, or as one taken by the judges of that court. In the first case, it should have been certified under the seal of that court, as that is the only mode in which a court of record can authenticate its acts; and the duty of the clerk (R. C. 1845, chap. 138, art. 2, § 36) was to transmit the recognizance, not to authenticate the act by his signature merely. Upon the other supposition, that it was the act of the individual judges, as magistrates, and not as a court, it should have been authenticated as such by their own certificate, and not by the certificate of another; so that, "*quacunque via data,*" the recognizance was insufficiently certified, and the judgment must therefore be affirmed.

Judge Ryland concurring, judgment affirmed.