THE STATE v. PRATT et al., Appellants.

Division Two, March 7, 1899.

1. **Recognizance**: NOT SIGNED IN PRESENCE OF OFFICER. Under Revised Statutes 1889, section 4127, authorizing the officer "taking a recognizance" in a criminal case to administer all necessary oaths, a recognizance not signed in the presence of the officer is void.

2. ———: ———: CERTIFYING AND RETURNING TO CLERK. Under Revised Statutes 1889, section 4129, requiring every recognizance taken by an officer to be certified, and returned forthwith to the clerk for filing, a recognizance not certified, and not returned until after forfeiture thereon, and after the officer had gone out of office, is void.

3. **Bail in Vacation**: INDORSEMENT OF JUDGE'S ABSENCE OR ORDER. Under Revised Statutes 1889, section 4124, requiring the court to fix the amount of accused's bail if he is not in custody during the term of the indictment, which the clerk must indorse on the warrant, but authorizing the clerk to fix the bail if the judge is out of the county, the indorsement by the clerk should show that the judge ordered it, or that he was absent.

State v. Pratt.

*Appeal from Reynolds Circuit Court.*—HON. J. F. GREEN, Judge.

REVERSED AND SURETIES DISCHARGED.

S. R. DURHAM for appellants.

(1) There was no recognizance taken, entered into or acknowledged in open court, and there was none taken and acknowledged out of court by any officer authorized by law to take the same and by him duly certified and filed in the court, and without which the court below had no power or jurisdiction to enter the judgment of forfeiture or to proceed thereon to final judgment. R. S. 1889, sec. 4129; State v. Zwifle, 22 Mo. 467; State v. Randolph, 22 Mo. 474; State v. Heed, 62 Mo. 559; State v. Ferguson, 50 Mo. 470; State v. Riley, 34 Mo. App. 426; State v. Hoeffner, 124 Mo. 490; State v. Payton, 32 Mo. App. 527. (2) The purported bond offered by the State and received in testimony, was neither taken, acknowledged, nor was it certified or filed in the court by any officer, as is shown upon inspection, all of which was confessed by the pleadings and by the State at the trial. Neither was it the bond described in the *scire facias,* and should have been excluded. State v. Morgan, 124 Mo. 467; Comm. v. Hickey, 172 Pa. St. 39; Mosley v. State, 38 S. W. Rep. 800; Hayden v. State, 38 S. W. Rep. 801.

EDWARD C. CROW, Attorney-General, for the State.

SHERWOOD, J.—At the November term, 1895, Pratt was indicted by the grand jury of Reynolds county for stealing a cow, the property of J. W. Chilton.

On the tenth day of December of the same year, the clerk of the Reynolds circuit court issued a *capias* for Pratt's arrest, which, it seems was effected on a date not given, and on the eighteenth day of May, 1896, the sheriff made this

return therein and indorsed it on the writ, to wit: "I hereby certify that I executed the within writ in the county of Reynolds and State of Missouri, on the —— day of January, 1896, by arresting W. B. Pratt and taking bond for his appearance at the May term of the Reynolds county circuit court, on the 25th day of May, 1896.

"J. A. Baker, Sheriff."

The bond referred to by the sheriff in his return was not certified and filed by him. He did, however, long after the entry of forfeiture had been taken, and long after his term of office had expired, file with the clerk a paper purporting to be a bond. This bond purported to be signed by Pratt as principal and Copeland, Weyland and Carter as sureties in the sum of $500, conditioned for the appearance of Pratt at Centreville, Reynolds county, on the fourth Monday in May, 1896.

This bond is dated the second day of January, 1896, and approved by Baker, sheriff, on the third day of January, 1896. It was not, however, marked filed until April 21, 1897. It seems that Pratt appeared at the May term, 1896, of the Reynolds circuit court, but nothing was then done. But, at the November term, 1896, and on the twenty-eighth of that month, Pratt made default, and forfeiture of the recognizance was taken against him and his sureties, and *scire facias* ordered to issue. This writ which the clerk issued on the first day of September, 1897, was served on the sureties.

It described a recognizance executed on the fourth day of January, 1896, certified, approved and filed on the twenty-fifth day of May, 1896, but the one offered in evidence purports, as before stated, to have been executed on the second day of January, 1896, approved January 3, 1896, not certified at all, and filed April 21, 1897, long after the forfeiture was taken and after the sheriff who is alleged to have taken it, had gone out of office. No service being had on Pratt, the *sci fa* was dismissed as to him.

The sureties, in answer to the writ, pleaded *nul tiel record* generally, and specially that no such recognizance as described in the *sci fa,* was ever entered into by them or either cf them, and no such recognizance was then on file in the court, nor was any such recognizance on file in the court or forming part of its records at the time judgment of forfeiture was entered against them; that Pratt, while in custody of the sheriff, never entered into any recognizance with said sureties as alleged in the *sci fa,* etc., etc. And they further alleged as a reason why the judgment of forfeiture should not be made absolute against them, that the records of the court would not support that judgment. This answer was sworn to by the sureties, and there was no reply filed to it. The facts set forth in the answer were in substance established by the records and files of the court, and by the other evidence adduced on the part of the State. Defendants asked the giving of a declaration of law in the nature of a demurrer to the evidence, but this was denied. There was no evidence to show that either Copeland or Carter signed the bond, but some evidence that Weyland had signed it, and that consisted of an admission made by him to Durham, his counsel, that "he had signed a paper; he said a piece of fools-cap paper with something written on it for Mr. Pratt; he said it was for the appearance of Mr. Pratt for the charge of stealing of a cow."

Section 4127, Revised Statutes 1889, contains these provisions: "Sureties in recognizances in criminal cases and proceedings shall be residents of this State, and shall be worth, over and above the amount exempt from execution, and the amount of their debts and liabilities, the sum in which bail is required; and the person or persons offered as sureties may be examined on oath in regard to their qualifications as sureties, and other proof may be taken in regard to the sufficiency of the same. The officer authorized to take any such

State v. Pratt.

recognizance is authorized to administer all necessary oaths in that behalf."

This section evidently contemplates and requires not only that the sureties shall be residents of this State (of which there is no evidence as to these sureties) but that the recognizance is to be signed in the presence of the officer taking the same. Nothing of the kind occurred in this instance; it seems it was signed even by the principal himself after he had left the presence of the sheriff, and it certainly was signed with the names of the sureties after that time. The law does not countenance such a loose way of doing business, since it might lead to just such difficulties as this case presents. This view of the necessity of a recognizance being signed and taken in the presence of the officer who appears to take the same is supported by the recent case of Com. v. Hickey, 33 Atl. 188.

Besides, section 4128 confirms the idea that such a recognizance is to be taken in the presence of the officer who purports to take the same, by providing that "no recognizance shall be taken unless the court or officer authorized to take the same shall be satisfied, from proof and examination on oath or otherwise, of the sufficiency of the sureties according to the requirements of this and the preceding sections." No such course was pursued in the case under comment.

Section 4129, Revised Statutes 1889, also provides: "Every recognizance taken by any sheriff or other officer must be certified and returned by him forthwith to the clerk of the court to which the defendant is recognized, and by such clerk carefully filed and preserved for the action of the court thereon." This section was not obeyed as appears from previous statements.

The bond or recognizance was not certified by the sheriff nor returned by him to the clerk of the court to which Pratt was recognized, as required by that section, nor was it ever returned by said sheriff to such clerk until the twenty-first of April, 1897, as appears from the filing date and from the

admission of the ex-sheriff himself, to the like effect, and this was long after judgment of forfeiture was entered. Unless the recognizance be certified as required by law and filed in the court, where the party is bound to appear, it will not be rendered "complete and effectual." This is the ruling and in substance the language of this court in State v. Zwifle, 22 Mo. 467. Under the statute then in force, such recognizance could only be certified when taken by the clerk of another court, under the seal of such court, and as the seal was lacking, it was held the certificate of the clerk alone was insufficient, and correctly ruled out.

Now, in the case at bar, there was no certificate at all, nor was the bond even so much as returned to the clerk of the circuit court. In such circumstances, although the circuit court had jurisdiction over that class of actions, to wit, a general jurisdiction, yet the bond or recognizance never having been filed with the clerk of that court, that jurisdiction never attached in this particular instance, and consequently the judgment of forfeiture was a proceeding *coram non judice.*

Furthermore, section 4124, Revised Statutes 1889, declares: "If the defendant is not arrested or in custody during the term at which an indictment for felony is returned, the court must fix the amount of bail required of the defendant, and the clerk must indorse the amount on the warrant; but if no order fixing the amount of bail has been made, the sheriff may present the warrant to the judge of the court, and such judge may thereupon indorse the amount of bail required; or if the judge is not in the county, the clerk may fix the amount of bail."

Looking at the transcript in this case, I find this indorsement made on the *capias:* "Sheriff will take bond in penalty of five hundred dollars. Attest: J. B. Jones, Clerk."

There is nothing of record to show that the court ordered this indorsement to be made on the warrant, and if it had, the

indorsement should show it. If, on the other hand, the indorsement had been made by the judge, it would show for itself, and if made by the clerk in vacation in the absence of the judge from the county, the indorsement should show it. So that, in no event, can the indorsement be held good. In consequence of this, the sheriff had no authority to take the bond in controversy.

For these reasons the judgment which went in favor of the State should be reversed and the defendant sureties discharged of their recognizance. All concur.