## THE STATE v. WOODWARD et al., Appellants.

### Division Two, February 12, 1901.

**Bond in Criminal Case: JUDGE ABSENT: INDORSEMENT OF CLERK.** In order for a bond taken by the sheriff for the appearance of a defendant in a criminal case to be legal, it must appear that the judge was not in the county when the clerk assumed to fix the amount of the bond, and any bond taken by him will be invalid unless evidence is forthcoming that the judge was absent from the county when he fixed and indorsed the amount thereof thereon. Such defects are not mere irregularities in a recognizance taken by a competent officer; but unless the judge is absent no other officer has any power to fix the amount of bail. (Approving State v. Pratt, 148 Mo. 402.)

Appeal from Mississippi Circuit Court.—*Hon. H. C. Riley,* Judge.

REVERSED.

· *Russell & Deal* for appellants.

(1) The pretended recognizance was not taken as authorized by law, and is not a valid recognizance. The court did not fix the amount of the bail. The clerk did undertake to fix it, but he had no right to do so, unless the judge was absent from the county, and this, if true, must appear in his indorsement. Hence, the sheriff had no authority to take the bond. State

v. Pratt, 148 Mo. 407. (2) The pretended recognizance was not certified nor filed, as required by law. There is no certificate upon the bond, nor is there any file mark of any kind to indicate that it was ever placed in the hands of the clerk, as the law requires. R. S. 1899, sec. 2549; State v. Pratt, 148 Mo. 402. (3) The pretended recognizance required the principal, Woodward, to appear at the October term of court and at such other terms to which the case might be continued. The criminal case was not continued to any term after October, 1898, but passed off the docket, and the proceeding on the recognizance was dismissed as to Woodward in October, 1898; hence he was out of court entirely, and the condition of his bond was not broken by his failing to appear when this forfeiture was taken at the October term in 1899, and a forfeiture could not properly be taken.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

GANTT, J.—This is an appeal from a judgment upon a forfeited recognizance in a felony case in the circuit court of Mississippi county.

The *scire facias* had been duly served and defendants answered specially.

"Further answering, the defendants especially deny that the clerk of the circuit court of said Mississippi county ever had authority to fix the amount of bail to be given by A. P. Woodward, and deny that the sheriff had the authority to take and approve the said pretended bond, and deny that the sheriff did take, approve or return the said bond, and deny that he ever certified and filed said bond with the clerk of this court and deny that the same was ever filed by said clerk.

"Defendants further deny that the presence of the said

principal Woodward was required on the day or at the term of
court when the pretended forfeiture was taken, but say that
his case was not continued to that term and that the court had
no authority to take and enter the forfeiture mentioned in the
said *scire facias.*

"Further answering, the defendants say that final judg-
ment should not be rendered against them, nor execution
issued, for the reason that the record of the court will not sup-
port such a judgment or execution.

"Defendants pray for judgment for costs."

The State offered evidence showing that A. P. Woodward
was indicted at the April term, 1897, of the Mississippi County
Circuit Court for embezzlement. On July 26, 1897, *capias*
issued in the usual form. The clerk made the following in-
dorsement upon it: "The court failing to fix the amount of
the bond during the sitting of court, I, as clerk of said court,
fix the bond at $350. I. T. Clarkson, Cir. Clerk."

The said Woodward was arrested and admitted to bail
by the sheriff in bond for $350 with P. A. Lynn, Jennie Wood-
ward and R. F. Davidson as sureties, all of which appears on
the return of the *capias.*

The State offered the bond, taken by the sheriff as above
stated, in the penal sum of $350, conditioned that Woodward
should appear in proper person in said circuit court on the
first Monday in October, 1897, and answer said indictment,
"and if he shall in proper person appear on the first day of
each and every term of court before said judge to which said
case may be continued and not depart hence," the bond to be
void.

There was no file mark on the recognizance or other in-
dorsement to show it had ever been in the hands of the clerk.

To the introduction of this recognizance defendant ob-
jected because it was not taken by any officer authorized to

take it; and has not been approved or filed with the clerk and was not certified as required by law and was not a valid bond.

All of which were overruled and defendants duly excepted. The State then offered the record of a forfeiture taken on October 5, 1897, for $250, to which defendant objected, because it did not appear to be on the recognizance above recited, which objection the court overruled and defendants excepted. After this, *scire facias* was issued upon the forfeiture for $250, returnable to the October term, 1898, and was duly served.

On October 13, 1898, after dismissing as to Woodward, final judgment was rendered against the said sureties for $350. At the April term, 1899, defendant Davidson moved the court to set aside the judgment because the same was for $350 and the forfeiture had been taken and *scire facias* served for only $250. This motion the court sustained and set aside the judgment.

The State then offered a forfeiture taken on said recognizance for $350 on October 9, 1898. The defendant objected to the same, because the plaintiff claims to have already taken one forfeiture on this bond, at the October term two years before this date, and because the record offered by the plaintiff shows that the case was dismissed as to A. P. Woodward, the principal, in October, 1898, and because the case against said Woodward was not continued to any term after October, 1898, and he was not required to be present at the time this pretended forfeiture was taken. The court overruled the objection. Defendant excepted.

It is admitted that after the dismissal of A. P. Woodward in the *scire facias* proceeding, as shown by the record, October, 1898, the criminal case was dropped from the criminal docket, and the record does not show any continuance of the criminal case to any subsequent term after the October term, 1898, but

the said case was reinstated on the criminal docket in October, 1899, and hence was only absent from the docket one term to-wit, the April term, 1899.

The court, at the April term, 1900, rendered judgment against the defendants, P. A. Lynn and R. F. Davidson, for $350.

After an unsuccessful motion for a new trial defendants appealed to this court.

I.   From the foregoing statement it appears that there. was no authority in the clerk to fix the amount of bail.   The statute then in force was section 4124, Revised Statutes 1889, which provided:   "If the defendant is not arrested or in custody during the term at which an indictment for felony is returned, the court must fix the amount of bail required of the defendant, and the clerk must indorse the amount on the warrant; but if no order fixing the amount of bail has been made, the sheriff may present the warrant to the judge of the court, and such judge may thereupon indorse the amount of bail required; or if the judge is not in the county, the clerk may fix the amount of bail."

It appears affirmatively that the court did not fix the amount of the bond, and for this reason the clerk certifies he fixed it, but the statute only authorized the clerk to assume this authority when "the judge is not in the county," and there is no evidence that the judge was absent from the county when the clerk fixed the bail and indorsed it on the *capias.*   It. was then an unauthorized act and the sheriff had no authority to take it.   [State v. Pratt, 148 Mo. 402.]

The line must be drawn between mere irregularities in a recognizance taken by a competent court or officer, and a paper like this prescribed by one having no power to fix the amount of bail.   The former will be sustained, but the latter must be held nugatory and of no binding force on the defendants who

State v. Woodward.

are sureties only and bound by the strict legal effect of the instrument.

The judgment is reversed and the sureties discharged from all liability on said so-called recognizance bond. *Sherwood, P. J.,* and *Burgess, J.,* concur.