# CASES DETERMINED

BY THE

# SUPREME COURT

OF THE

## STATE OF MISSOURI

AT THE

OCTOBER TERM, 1905.

*(Continued from Volume 194.)*

## THE STATE v. CROSSWHITE et al., Appellants.

Division Two, March 29, 1906.

1. **BAIL: In Felony Case: Fixed by Sheriff.** A sheriff has no authority to determine and fix the amount of bail to be given by a prisoner for his appearance and answer to an indictment or information charging him with a felony, and a recognizance so taken is void.

2. ———: ———: ———: **Irregularity.** The act of a sheriff in taking, without authority, a recognizance in a felony case is not a mere irregularity and does not come within the provisions of section 2800, Revised Statutes 1899, which provides against the defeating of a recognizance on account of irregularities.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED.

*William T. Ragland* and *Frank W. McAllister* for appellants.

(1) Bail bonds taken without authority are void. State v. Fraser, 165 Mo. 242; State v. Woodward, 159 Mo. 680; State v. Pratt, 148 Mo. 402; State v. Caldwell, 124 Mo. 509; State v. Watson, 54 Mo. App. 416; State v. Swope, 72 Mo. 399; State v. Ferguson, 50 Mo. 409; State v. Nelson, 28 Mo. 13; State v. Randolph, 26 Mo. 213; State v. Ramsey, 23 Mo. 327; State v. Walker, 1 Mo. 546; U. S. v. Case, 8 Blatch. (U. S.) 250. (2) The prisoner in this case was charged with a felony, and the sheriff had no authority to fix the amount of bail. The pretended bond is therefore of no validity. Secs. 2543, 2544, 2546, R. S. 1899; State v. Fraser, 165 Mo. 257; State v. Caldwell, 124 Mo. 509; State v. Randolph, 26 Mo. 213; State v. Nelson, 28 Mo. 13; State v. Ferguson, 50 Mo. 409.

*Herbert S. Hadley,* Attorney-General, *Rush C. Lake,* Assistant Attorney-General, and *James P. Boyd* for the State.

(1) The only statute giving to anyone the right to take bail and fix the amount when the warrant is issued upon an information filed in vacation, is section 2484, Revised Statutes 1899, and that authority is given to the sheriff, and to him only. This section, when read in connection with all of article 3, can be construed in but one way, that is, to give to the sheriff the right to fix the amount of bail, and to take the same in all cases prosecuted by information when the same is filed in vacation. (2) The defendant was arrested under an information properly drawn, and was legally in the custody of the sheriff at the time the bond was given. Under the provisions of the statute (sec. 2800, R. S. 1899), the sureties cannot be heard to complain of any technical error in giving the recognizance.

State v. Morgan, 124 Mo. 467; State v. Austin, 141 Mo. 481; State v. Abel, 170 Mo. 59; State v. Eyermann, 172 Mo. 294; State v. Epstein, 186 Mo. 88.

BURGESS, P. J.—This is an appeal from a judgment for five hundred dollars rendered against the defendants in the circuit court of Monroe county upon a forfeited recognizance. The defendants, W. W. Crosswhite and Matilda J. Crosswhite, appeal.

The proceeding was a *scire facias* to enforce a recognizance bond executed by J. B. Crosswhite as principal, and the appellants, W. W. Crosswhite and Matilda J. Crosswhite, as sureties, before John W. Burton, sheriff of Monroe county, by A. D. Buford, deputy, on the 4th day of May, 1903, in the penal sum of $500, upon condition that "if the said J. B. Crosswhite shall personally appear before the circuit court of Monroe county, Missouri, on the 23d day of May, 1903, and every day of each and every term of said court, before said judge, to which said cause may be continued, and if he shall not depart thence without leave of said court; and if he shall pay all sums of money adjudged against him by said court on said information, then the above bond to be null and void, otherwise to remain in full force and virtue in law."

The information to answer for which said recognizance was filed in vacation, is as follows:

"State of Missouri, County of Monroe, ss.

"State of Missouri, plaintiff, vs. J. B. Crosswhite, defendant.

"In the circuit court of Monroe county, in vacation of the April term, May first, 1903.

"And now at this day comes James P. Boyd, prosecuting attorney of and within and for the county of Monroe and State of Missouri, and informs the court that J. B. Crosswhite, of said county and State, on the twenty-fifth day of April, A. D. 1903, at and in said

county of Monroe and State of Missouri, in and upon the body of one Viola Whitesides, then and there being a female, unlawfully, feloniously, on purpose and of malice aforethought did make an assault with intent her, the said Viola Whitesides, then and there unlawfully, on purpose and of malice aforethought forcibly and against her will, feloniously to rape, to ravish and carnally know, against the peace and dignity of the State.                     JAMES P. BOYD,
                         "Prosecuting Attorney.

"Viola Whitesides, being duly sworn, on her oath says that she is over the age of twenty-one years, and that the facts stated in the foregoing information are true.                     VIOLA WHITESIDES.

"Subscribed and sworn to before me this the first day of May, A. D. 1903.        JAMES H. HILL,
                     "Clerk of the Circuit Court."

A *capias* was duly issued upon said information, directed to the sheriff of Monroe county, and made returnable on the 23d day of May, 1903. Said *capias* was served upon defendant J. B. Crosswhite, at said county, on the 2d day of May, 1903, by J. W. Burton, sheriff, by J. A. Betha, deputy. At the same time said J. B. Crosswhite entered into a recognizance, as principal, with W. W. Crosswhite and Matilda J. Crosswhite as his sureties, in the penal sum of five hundred dollars, for his appearance before the judge of the circuit court of said county on the 23d day of May, 1903, and every day of each and every term of said court, before said judge, to which said cause may be continued; and if he shall not depart thence without leave of said court, then said recognizance to be void, otherwise to remain in full force and effect.

Afterwards, on the 23d day of May, 1903, the cause was called for trial, and the said defendant, J. B. Crosswhite, being three times called to come into court and answer said information, failed and neglected to do so, and said sureties, W. W. Crosswhite and Matilda J.

Crosswhite, were three times solemnly called to produce the body of defendant J. B. Crosswhite, but made default, and therefore a forfeiture of the recognizance was adjudged and entered of record, and a *scire facias* directed to issue against said W. W. Crosswhite and Matilda J. Crosswhite to show cause, if any, why judgment of forfeiture should not be rendered against them, returnable to the next term of said court, and at the same time it was ordered that a *capias* issue against said J. B. Crosswhite.

Afterwards, on the 23d day of May, 1903, a *scire facias,* under the hand and seal of the clerk of said court, was issued and executed on said W. W. Crosswhite and Matilda J. Crosswhite, by the sheriff of said county, on the 22d day of June, 1903, which said *scire facias* is as follows:

"State of Missouri, plaintiff, vs. J. B. Crosswhite, W. W. Crosswhite and Matilda J. Crosswhite, defendants.

"In the Circuit Court of Monroe County, August term, 1903.

"The State of Missouri to the Sheriff of said County:

"Whereas on the 4th day of May, A. D. 1903, the said J. B. Crosswhite, as principal, and the said W. W. Crosswhite and Matilda J. Crosswhite, as securities, did enter into a recognizance by the condition of which each were jointly and severally held and bound to the State of Missouri in the sum of five hundred ($500) dollars, for the payment of which, well and truly to be made, they bound themselves, their heirs, administrators and assigns firmly by said presents, which said recognizance and bond was in letters and figures as follows, to-wit: Know all men by these presents that we; John B. Crosswhite, as principal, and W. W. Crosswhite and Matilda J. Crosswhite, as securities, are jointly and severally held and bound to the State of Missouri in the sum of five hundred dollars each, for the payment of which, well and truly to be made, we

State v. Crosswhite.

bind ourselves, our heirs, administrators and assigns firmly by these presents. Signed and sealed this 4th day of May, 1903. The condition of the above bond is as follows, to-wit: If the above-bound J. B. Crosswhite shall appear in proper person before the circuit court within and for the county of Monroe, in the State of Missouri, at the courthouse in the city of Paris, on the 23d day of May, 1903, and then and there before the judge of said court answer to an information preferred against him by James P. Boyd, prosecuting attorney of the county of Monroe and State of Missouri, charging that he, the said J. B. Crosswhite, of said county and State, on the 25th day of April, A. D. 1903, at and in said county of Monroe and State of Missouri, in and upon the body of one Viola Whitesides, then and there being a female, unlawfully, feloniously, on purpose and of malice aforethought, did make an assault with the intent her, the said Viola Whitesides, then and there unlawfully, on purpose and of malice aforethought, forcibly and against her will, feloniously to rape, forcibly ravish and carnally know, against the peace and dignity of the State. Whereof he stands charged (by information as aforesaid), and if he shall in proper person appear on the 23d day of May, 1903, and on each and every day of each and every term of said court before said judge, to which said cause may be continued, and if he shall not depart thence without leave of said court, and if he shall pay all sums of money adjudged against him by said court on said information, then the above bond to be null and void, otherwise to remain in full force and virtue in law. Signed, sealed and acknowledged before me this 4th day of May, 1903.         "J. B. CROSSWHITE,        (Seal.)
             "W. W. CROSSWHITE,        (Seal.)
         "MATILDA J. CROSSWHITE, (Seal.)
                "JOHN W. BURTON,
         "Sheriff of Monroe county, Missouri.
             "By A. D. BUFORD, Deputy.

"State of Missouri, County of Monroe, ss.

"I, John W. Burton, sheriff of Monroe county, Missouri, hereby certify that I have taken and approved the foregoing recognizance this 4th day of May, 1903.

" John W. Burton, Sheriff.
"By A. D. Buford, Deputy."

Defendants demurred to this *scire facias,* but the demurrer was overruled, and defendants W. W. and Matilda J. Crosswhite filed their joint answer to the *scire facias,* which answer, leaving off the formal parts, is as follows:

"Now at this day come defendants W. W. Crosswhite and Matilda J. Crosswhite and for their answer to the *scire facias* issued and served in this cause and for cause why judgment should not be rendered against them in this proceeding, state as follows:

"1. Defendants deny that they entered into, executed or signed, sealed, and acknowledged any bond, recognizance or other obligation by which or by the condition of which they either jointly or severally became or are held, bound or indebted to the State of Missouri in the sum of five hundred dollars or any sum of money whatever, and they deny that they, or either of them, jointly or severally, are held, bound or indebted to the State of Missouri in any sum whatever.

"2. Defendants deny that there is any record of this court showing judgment conditionally or otherwise against either of them, either jointly or severally, and deny that there is any legal judgment of this court forfeiting the pretended recognizance set forth in the *scire facias* in this cause, and deny that this court had any right to take or enter any such judgment of forfeiture and allege that said pretended *scire facias* was

improperly and illegally and without lawful authority issued in this cause and is void and of no effect.

"3. Defendants admit that they signed their names to a paper writing, a copy of the contents of which is set forth in the *scire facias* issued in this cause as the recognizance on which this proceeding is based as sureties for one John B. Crosswhite, but defendants allege and state that said pretended recognizance is void, unlawful and of no force or effect and does not bind or obligate these defendants. Defendants state that when they signed their names to said pretended recognizance one John B. Crosswhite, who is described in said pretended recognizance as the principal therein, was in the custody of the sheriff of Monroe county, Missouri, or his deputy, under a pretended warrant issued from the office of and by the clerk of the circuit court of Monroe county, Missouri, on the first day of May, A. D. 1903, pretended to be upon an information filed with and in the office of said clerk by James P. Boyd, Esq., prosecuting attorney of Monroe county, Missouri, on the said first day of May, A. D. 1903, wherein the said John B. Crosswhite was alleged to be charged with an offense, to-wit: That he did on the 25th day of April, A. D. 1903, at and in the said county of Monroe, and State of Missouri, in and upon the body of one Viola Whitesides, then and there being a female, unlawfully, feloniously, on purpose and of malice afore-thought, did make an assault with intent her the said Viola Whitesides then and there unlawfully, on purpose and of malice aforethought, forcibly and against her will, feloniously to rape, forcibly ravish and carnally know, which offense is a felony and punishable by imprisonment in the penitentiary; that said pretended warrant was made returnable on the 23d day of May, A. D. 1903, commanding the said sheriff to arrest said John B. Crosswhite and have him before the circuit court of Monroe county, Missouri, on said 23d day of May, A. D. 1903, and to return said warrant at said

time. Defendants allege and state that said 23d day of May, A. D. 1903, was not the first day of the next regular term of said circuit court of Monroe county, Missouri, after the issue of said pretended warrant; that the next regular term of the said circuit court was, and is, fixed by law to be begun and holden on the fourth Monday in August, A. D. 1903, and the first day thereof is fixed by law for the 24th day of August, A. D. 1903.

"Defendants allege and say that said pretended warrant was illegal, unlawful and void and did not empower the said sheriff to arrest the said John B. Crosswhite or admit him to bail nor to take said pretended recognizance; that said pretended warrant was issued without any lawful authority by said clerk to issue the. same and is void and of no effect.

"4. Defendants further allege and state that the charge set forth in said pretended warrant, and in said information against said John B. Crosswhite, was a felony as herein set forth, punishable by imprisonment in the penitentiary, and that neither the circuit court of Monroe county, Missouri, nor the Honorable David H. Eby, the judge thereof, had, or did fix the amount or sum in which bail would or should be required of said John B. Crosswhite, nor had or did either said court or the judge thereof make any order authorizing said sheriff to fix the amount of said bail or to take said pretended recognizance, or to admit said John B. Crosswhite to bail in any sum; that James H. Hill, the clerk of said circuit court of Monroe county, Missouri, had not nor did not fix the amount of said bail nor endorse the same on the pretended warrant, and that the said sheriff of Monroe county, Missouri, was wholly without authority to fix the amount of said bail or to admit said John B. Crosswhite to bail or to take and certify said pretended recognizance, and the same is unlawful, void and of no effect.

"5. Defendants further allege and state that on the 23d day of April, A. D. 1903, the circuit court of

Monroe county, Missouri, was in session at the court-house, in the city of Paris, Monroe county, Missouri, the same being during the regular April term, A. D. 1903, of said court, and that on said day said court adjourned said term to the 23d day of May, A. D. 1903; that said court was not actually in session on either the second or fourth days of May, A. D. 1903; that on the said second day of May, A. D. 1903, the sheriff of Monroe county, Missouri, arrested said John B. Crosswhite and took him into custody under said pretended warrant aforesaid, and that on said fourth day of May, A. D. 1903, said sheriff took, and defendants signed their names to said pretended recognizance; that said pretended recognizance by its terms and conditions required the said John B. Crosswhite to appear in said circuit court and before the judge thereof, on the 23d day of May, A. D. 1903; that as hereinbefore alleged and stated said 23d day of May, A. D. 1903, was not the first day of the next regular term of said circuit court, but that the 24th day of August, A. D. 1903, was the first day of the next regular term of said court, and that said sheriff was wholly without authority to take bail requiring said John B. Crosswhite to appear in said court on said 23d day of May, A. D. 1903, and that said recognizance is void, unlawful, of no effect and taken by said sheriff without any authority or right to take the same.

"6. Defendants further allege and state that said pretended recognizance required and was conditioned for the appearance of the said John B. Crosswhite not alone on the said 23d day of May, A. D. 1903, but on each and every day of each and every term of said court, before said judge, to which said cause may be continued, and if he shall not depart thence without leave of said court, and if he shall pay all sums of money adjudged against him by said court on said information; defendants allege and state that said sheriff was wholly without any authority to require said

conditions; that the same are unlawful, and that said recognizance is unlawful, void and of no effect.

"7. Defendants further state and allege that said pretended recognizance was not certified by the sheriff of Monroe county, Missouri, as required by law."

The answer was duly sworn to by the defendants named therein.

On September 10, 1903, at the August term, 1903, of said court, the cause was submitted upon the pleadings and evidence, upon the agreement of both parties to furnish the court with a written argument and brief on or before September 19, 1903, and it was ordered by the court that an *alias capias* issue to the sheriff of Monroe county, Missouri, for defendant J. B. Crosswhite, the amount of bond being fixed at $500.

Thereafter, on September 26, 1903, the submission of the cause was set aside, and an *alias scire facias* ordered issued for defendant, J. B. Crosswhite, returnable to the next term of said court.

At the December term, 1903, of said court, the cause was submitted upon the same pleadings and evidence, and at the same term, on January 27, 1904, judgment was rendered against all of the defendants and in favor of the State for $500, the penalty of the recognizance, together with costs, and ordered that the State have execution therefor.

After unsuccessful motions for new trial and in arrest, defendants W. W. Crosswhite and Matilda J. Crosswhite appeal.

Defendants contend that, as the defendant in the information is charged with a felony, the sheriff was without authority to fix the amount of bail, and the recognizance is, therefore, void.

The only sections of the statute bearing on this question are as follows:

"Sec. 2544. If the defendant is not arrested or in custody during the term at which an indictment for felony is returned, the court must fix the amount of bail

required of the defendant, and the clerk must indorse the amount on the warrant; but if no order fixing the amount of bail has been made, the sheriff may present the warrant to the judge of the court, and such judge may thereupon indorse the amount of bail required; or if the judge is not in the county, the clerk may fix the amount of bail.

"Sec. 2545. All recognizances taken in a court of record in term shall be entered of record, and all recognizances required or authorized to be taken in vacation in any criminal case, or proceeding of a criminal nature, shall be in writing, and signed by the parties to be bound thereby.

"Sec. 2546. When any sheriff or other officer shall arrest a party by virtue of a warrant upon an indictment, or shall have a person in custody under a warrant of commitment on account of failing to find bail, and the amount of bail required is specified on the warrant, or if the case is a misdemeanor, such officer may take bail, which in no case shall be less than one hundred dollars, and discharge the person so held from actual cutsody."

It will be observed that the only authority a sheriff has to determine and fix the amount of bail to be given by a prisoner for his appearance and answer to an indictment or information pending against him is that given in section 2546, and that is in cases of misdemeanors only, and then in a sum of not less than one hundred dollars. Hence, the sheriff's acts fixing the amount of the recognizance and approving the same were without authority, and void.

In State v. Caldwell, 124 Mo. 1. c. 512, it is said: "Now, it is abundantly settled that a bond or recognizance taken in a criminal cause, before an unauthorized person, has no savor of validity about it." [State v. Randolph, 26 Mo. 213; State v. Nelson, 28 Mo. 13; State v. Ferguson, 50 Mo. 409.]

In State v. Woodward, 159 Mo. 680, the defendant

was indicted at the April term, 1897, of the Mississippi
Circuit Court, for embezzlement. On July 26, 1897,
*capias* was issued for him, upon which the clerk of the
court made the following indorsement: "The court fail-
ing to fix the amount of the bond during the sitting
of the court, I, as clerk of said court, fix the bond at
$350. I. T. Clarkson, circuit clerk." Woodward was
arrested and admitted to bail by the sheriff in bond for
$350, with P. A. Lynn, Jennie Woodward and R. F.
Davidson as sureties. Thereafter, at the April term,
1900, of said court, judgment was rendered against
Lynn and Davidson for the amount of the bond. On
appeal, this court held there was no authority in the
clerk to fix the amount of bail. The statute then in
force was section 4124, Revised Statutes 1889 (section
2544, Revised Statutes 1899). It is as follows: "If
the defendant is not arrested or in custody during the
term at which an indictment for felony is returned, the
court must fix the amount of bail required of the de-
fendant, and the clerk must indorse the amount on the
warrant; but if no order fixing the amount of bail has
been made, the sheriff may present the warrant to the
judge of the court, and such judge may thereupon
indorse the amount of bail required; or if the judge is
not in the county, the clerk may fix the amount of
bail."

GANTT, J., speaking for the court, said: "It appears
affirmatively that the court did not fix the amount of
the bond, and for this reason the clerk certifies he fixed
it, but the statute only authorized the clerk to assume
this authority when 'the judge is not in the county,'
and there is no evidence that the judge was absent from
the county when the clerk fixed the bail and indorsed
it on the *capias*. It was then an unauthorized act and
the sheriff had no authority to take it. [State v. Pratt,
148 Mo. 402.]" To the same effect is State v. Eyer-
mann, 172 Mo. 294.

In speaking of the absence of authority in a sher-

iff to fix the amount of bail and take bond for the appearance of a prisoner under arrest upon a *capias* issued upon an indictment or information, this court, in the case of State ex rel. v. Fraser, 165 Mo. l. c. 258, said: ''It is too plain for argument that this section provides but a single instance in which the sheriff has the authority to fix the amount of bail, and that is, in case of misdemeanor, and then in a sum of not less than one hundred dollars; in case of felony bond, the amount of the bond must be the amount indorsed and specified on the warrant of arrest or commitment. And, as the sheriff had no authority to take the bonds in question, they are of no validity.''

The State, however, contends that under the provisions of section 2800, Revised Statutes 1899, the sureties cannot be heard to complain of any technical error in giving the recognizance. That section is as follows:

''No proceeding upon a recognizance shall be defeated, nor shall judgment thereon be prevented or arrested, on account of any defect of form, omission of recital, condition of undertaking therein, neglect of the justice or clerk to note or record the default of any principal or surety at the time or term when such default shall happen, or of any other irregularity, so that it be made to appear from the whole record or proceeding that the defendant was legally in custody, charged with a criminal offense, that he was discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before a court or magistrate at a term or time specified for trial.''

It is plain from the language used in that provision of the statute that it only applies to irregularities of form, omission of recital, condition of undertaking therein, or neglect of the justice or clerk to note of record the default of any principal or surety at the time or term when such default shall happen, etc.

The fixing of the amount of bail and the taking of a bond by some person not authorized to do so, as in this case, is not among the irregularities enumerated in said section, nor indeed could such be regarded as merely an irregularity. The bond would have been just as binding if taken by some private person, and it will not be contended that such a bond would have any validity whatever.

"The line must be drawn between mere irregularities in a recognizance taken by a competent officer, and a paper like this prescribed by one having no power to fix the amount of bail. The former will be sustained, but the latter must be held nugatory and of no binding force on the defendants who are sureties only and bound by the strict legal effect of the instrument." [State v. Woodward, supra.]

The judgment is reversed and the sureties discharged from all liability on said so-called recognizance bond.

The conclusion reached renders it unnecessary to pass upon other questions presented by counsel in the case.

All concur.