## THE STATE v. OWEN et al., Appellants.

**Division Two, November 19, 1907.**

**RECOGNIZANCE: Not Signed Before Officer: Criminal Case.** A judicial officer before whom a criminal case is pending acts judicially in passing upon the validity of a recognizance bond taken in such case, and in order that he may do so, the recognizance must be executed in his presence. A recognizance to appear before a justice of the peace for preliminary examination, which was not signed by the principal or sureties in the presence of the justice, is void; and this is true, notwithstanding the justice approved the recognizance and entered its approval upon his docket.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett,* Judge.

REVERSED.

*R. H. Norton* and *Avery, Young & Woolfolk* for appellants.

Neither the principal nor the sureties signed the bond, as is shown by the evidence, in the presence of

the justice of the peace. Therefore, the bond was void, not complying with the statute. State v. Pratt, 148 Mo. 402; sec. 4128, R. S. 1899; Com. v. Hickey, 33 Atl. 188; State v. Crosswhite, 195 Mo. 1; State v. Eyermann, 172 Mo. 294; State v. Woodward, 159 Mo. 680.

*B. J. Creech,* Prosecuting Attorney, and *Wm. A. Dudley* for the State.

Upon the record the judgment is in strict accordance with the statute and should be affirmed. R. S. 1899, secs. 2441, 2447, 2449, 2798, 2800 and 2554. Even if it had been made to appear of record here that the sureties did not go through the barren formality of appearing before justice in person, it is difficult to see how the defendants can escape without in effect repealing section 2800, Revised Statutes 1899. State v. Peyton, 32 Mo. App. 527.

BURGESS, J.—This is an appeal from a judgment for five hundred dollars rendered against James S. Owen, Chas. S. Trail, J. C. Ellis and T. H. Moore, appellants, in the circuit court of Lincoln county, upon a forfeited recognizance.

On the 27th day of September, 1905, one Sol Owen was arrested and brought before Stuart L. Penn, a justice of the peace of Lincoln county, the warrant for his arrest being based upon the affidavit of one John Hearn charging him with having committed a felonious assault upon one Maggie Hearn. By agreement of both the defendant and prosecuting attorney, the preliminary examination was set forward by the justice to the 24th day of October, 1905. On the following day, September 28, Sol Owen, with the appellants as sureties, entered into a recognizance for five hundred dollars for the appearance of Owen before said justice on the 24th day of October, 1905. The defendant failed to appear before the justice for examination on said day, and his default and the forfeiture of his re-

cognizance were duly declared and entered of record by the justice in his docket. After another continuance, and failure of the defendant to appear, said recognizance and transcript of the docket entries, duly certified, were filed by the justice with the clerk of the circuit court on the 16th day of November, 1905. At the following term of the circuit court, being the spring term, 1906, *scire facias* issued against Owen, the principal, and all of his sureties, returnable to the next term of the court, commencing the 2nd Monday of October, 1906. Sol Owen, the defendant, did not appear in obedience to the *scire facias,* but the sureties did, and filed their demurrer thereto, which demurrer was overruled; the appellants excepted, and then filed their answer, which omitting the formal parts, stated: "That the forfeiture heretofore taken should not be made final, and execution issue thereon, for the reason that no such recognizance as described in the *scire facias* was ever entered into or executed by them, or either of them, and no such recognizance is now on file in this court, forming a part of the record of this case, nor was any such recognizance on file in this court, forming a part of the records of this court, at the time judgment of forfeiture was entered against them as shown by *scire facias;* that Sol Owen, while in the presence of the justice of the peace, Stuart L. Penn, never entered into any recognizance, with these sureties, as alleged in the *scire facias,* and they further allege, as a reason why judgment should not be made absolute against them, that the records of this court will not support that judgment."

The cause was submitted on the pleadings and evidence, counsel first having entered into and filed the following written agreement: "It is further agreed by counsel in this cause that the bond taken in this cause by the justice was in the usual form; that the parties, the principal and sureties, signed the same

at different times and places, as it was presented to them by James Gentry, sheriff of Lincoln county, Missouri; that the signing by the principal and sureties was not in the presence of the justice; that none of the parties appeared before him at any time for that purpose, and the same at no time was acknowledged by said principal and securities before said Justice Penn, and that when the bond was presented to him by the sheriff, he marked on it 'approved.' It is further agreed that the record of the justice may be considered as to what the facts were in his certificate made to this court." It was further orally admitted and agreed before the court that the penal amount of the bond was five hundred dollars, and that the sureties thereon were residents of Lincoln county, Missouri.

The appellants asked, and the court refused to give, the following instructions or declarations of law:

"1. The court, sitting as a jury, is instructed that, under the pleadings and evidence, the plaintiff cannot recover, and the verdict should be for the defendants.

"2. The court is instructed that, if it believes from the evidence that defendants Moore, Trail, Owen and Ellis did not sign the bail bond offered in evidence, before the justice and did not appear at any time before Justice Penn, either to sign or acknowledge the same, then the verdict will be for the defendants, even though you may believe from the evidence that they did sign their names to said bond at the time stated therein, before or in the presence of the sheriff of Lincoln county, Missouri, and the said bond was afterwards filed with the justice by the sheriff and the prisoner was then discharged by the justice." To the action of the court in refusing to give said instructions the appellants duly excepted.

On the 1st day of December, 1906, at the regular October adjourned term of said court, judgment for five hundred dollars and costs was rendered against

the appellants, from which judgment, after unavailing motions for a new trial and in arrest, an appeal was taken to this court.

It is claimed by the appellants that the recognizance in question was not valid as to them because not signed by them in the presence of the justice who approved the same.

Section 2547, Revised Statutes 1899, reads as follows:

"Sureties in recognizances in criminal cases and proceedings shall be residents of this State, and shall be worth, over and above the amount exempt from execution and the amount of their debts and liabilities, the sum in which bail is required; and the person or persons offered as sureties may be examined on oath in regard to their qualifications as sureties, and other proof may be taken in regard to the sufficiency of the same. The officer authorized to take any such recognizance is authorized to administer all necessary oaths in that behalf."

A very similar case to this was before this court in State v. Pratt, 148 Mo. 402, wherein Judge SHER-WOOD, in construing the above section of the statute, said:

"This section evidently contemplates and requires not only that the sureties shall be residents of this State (of which there is no evidence as to these sureties), but that the recognizance is to be signed in the presence of the officer taking the same. Nothing of the kind occurred in this instance; it seems it was signed even by the principal himself after he had left the presence of the sheriff, and it certainly was signed with the names of the sureties after that time. The law does not countenance such a loose way of doing business since it might lead to just such difficulties as this case presents. This view of the necessity of a recognizance

being signed and taken in the presence of the officer who appears to take the same is supported by the recent case of Com. v. Hickey, 33 Atl. 188.

"Besides, section 4128 [sec. 2548, R. S. 1899] confirms the idea that such a recognizance is to be taken in the presence of the officer who purports to take the same, by providing that 'no recognizance shall be taken unless the court or officer authorized to take the same shall be satisfied, from proof and examination on oath or otherwise, of the sufficiency of the sureties according to the requirements of this and preceding sections.' No such course was pursued in the case under comment."

That case is cited with approval in the case of State v. Woodward, 159 Mo. 680, and again in State v. Crosswhite, 195 Mo. 1.

If the recognizance was not signed in the presence of the magistrate, or signed, and the signing acknowledged before him, he did not take it, and it makes no difference that he thereafter entered its approval upon his docket. The law does not contemplate that a defendant under arrest for felony may take a blank recognizance bond, send it around among his friends and have them sign it as his sureties, and then take it to the justice before whom the case is pending and have him approve it. A judicial officer before whom a criminal case is pending acts judicially in passing upon the validity of a recognizance bond taken in such case, and in order that he may do so the recognizance must be executed in his presence.

For these considerations the judgment is reversed.

All concur.