UNITED STATES WATER & STEAM SUPPLY COMPANY, Appellant v. WILLIAM A. JACOBIA et al., Respondents.

Kansas City Court of Appeals, May 15, 1911.

1. **PRACTICE: Evidence.** Where a party fails to sustain his plea, although evidence has been received by the jury in his favor on the issue raised thereby, it is not necessary to discharge the jury on the motion of the opposing party on the alleged ground of prejudicial error, unless it is made to appear to the satisfaction of the court that there was such prejudice as a matter of fact.

2. ———: **Verdict.** Because the verdict of a jury in a suit to enforce a mechanic's lien, is returned on two slips of paper sufficiently identified, does not invalidate it.

Appeal from Jackson Circuit Court.—*Hon. Herman Brumback*, Judge.

AFFIRMED.

*Meservey & German* for appellant.

(1) The court erred in not sustaining plaintiff's motion to discharge the jury for the reason that the testimony introduced by the defendant that the plaintiff was in a pool, trust or combination was of so highly a prejudicial nature as to influence the jury in their verdict. Cobb v. Griffith, 12 Mo. App. 130; Meyer v. Lewis, 43 Mo. App. 421; Wojtylak v. Coal Co., 188 Mo. 287;

Armour v. Kallmeyer, 161 Fed. 78; Waldron v. Waldron, 156 U. S. 380; Brown Land Co. v. Lehman, 112 N. W. 185; Robertson v. Cedar Rapids, 69 N. W. 1064; Jones v. Insurance Co., 66 N. W. 751; Illinois Central v. Ely, 35 Southern 873; Railway v. Rodgers, 41 S. E. 732.    (2) The testimony introduced by the defendants that plaintiff was in a pool, trust or combination is not a defense available to any person other than a party to the contract. Commission Co. v. Spencer, 205 Mo. 118; Lead Co. v. Paint Co., 80 Mo. 265. The statute itself is penal in its nature, and must be strictly construed, and cannot be enlarged beyond its plain terms. Loan Co. v. Kansas City, 200 Mo. 167; Mongold v. Railroad, 116 Mo. App. 611.    (3)    The court erred in permitting defendants to introduce what purported to be the hotel register of a hotel in Corning, Kansas. Hamburg v. George, 123 S. W. 656; Brown v. Insurance Co., 109 Mo. App. 150; Vermillion v. Parsons, 101 Mo. App. 604; Steltemeir v. Barrett, 123 Mo. App. 326; Armstrong v. Johnson, 93 Mo. App. 500; Miles v. Rock Island, 76 Mo. App. 489; Buckstrom v. Camp, 41 Atlantic 803; Supply Co. v. Cox, 66 Atlantic 797.    (4)    The court erred in not instructing the jury to disregard the remarks of counsel for the defendants in his closing argument. Brown v. Swinford, 44 Wis. 283; Evans v. Town of Trenton, 112 Mo. 390; Haynes v. Trenton, 108 Mo. 123; Wilborne v. Railroad, 48 Mo. App. 232, l. c.; Harper v. Telegraph Co., 92 Mo. App. 313, l. c.; 1 Thompson Trials, chapter 30, Abuses of Right of Argument.

*Albert P. Strother* for respondents.

The appellees were entitled to make the defense that appellant was a member of a pool or trust to fix prics and prevent competition. R. S. 1899, secs. 4211, 8970; Brick Works v. Flanagan Bros., 87 Mo. App. 340; Crane Co. v. Hanley & Keraghan Co., 53 Mo. App. 540; Kick v. Doerste, 45 Mo. App. 134. The second count of the an-

swer of appellees sufficiently pleaded that appellant was a member of a pool, trust, combination and agreement, tended to establish if it did not in fact establish, such agreements, and the evidence admitted by the trial court was all competent and relevant to the issues so raised and tended to estalish if it did not in fact establish, such cases. Froelich v. Musicians' Mut. Ben. Assn., 93 Mo. App. 383; Ferd. Heim. Brewing Co. v. Belinder, 97 Mo. App. 64; Malsh v. Association of Master Plumbers, 97 Mo. App. 280. Even had the evidence admitted by the trial court under the issues raised by the second count of the answer of appellees been incompetent which it was not, its subsequent withdrawal from the consideration of the jury by appellant's instruction number one, cured any error in its admission. Anderson v. Union Terminal Ry. Co., 161 Mo. 411; Harrison v. Kansas City Electric Light Co., 195 Mo. 606. There was no error in giving the instruction number 7, given for appellees. The lien claim was only competent to show compliance with the statute and was, of itself, no evidence for any other purpose. Jose v. Hoyt, 106 Mo. App. 594, 596; Boland v. Webster, 126 Mo. App. 591. There was no error in modifying the instruction number 3, asked by appellant, by striking out the words "or his agent." There was no claim of and no evidence of any service of the notice on any one but Mr. Jacobia. There was no error in admitting the hotel register in evidence. There was no error in the form of the verdict; and had there been, it was waived by failure to object when called upon by the trial court.

BROADDUS, P. J.—This is a suit to enforce a mechanic's lien. On January 15, 1906, a firm composed of Clark, Booth & Cleveland entered into a contract for the sum of $5,200, to do all the plumbing, gas fitting and steam heating in two flats on Forest Avenue. O'Connell was the architect and builder of said flats, and he had a contract with the owners of the buildings for the entire

construction. In pursuance of said contract, Clark, Booth & Cleveland obtained material from the United States Water & Steam Supply Company, the plaintiff herein, to be used in the construction of the buildings. Plaintiff introduced evidence tending to show that the materials set out in statements attached to the mechanic's lien and to the petition were used in the construction of the building; and that a notice of intention to file a mechanic's lien was served on William Jacobia by P. A. Budd, agent for plaintiff, on the 19th day of December, 1906, which was within ten days before its filing duly certified, filed December 31, 1906, in the office of the circuit clerk and which was filed within four months after the indebtedness had accrued. Plaintiff also introduced evidence tending to show that the prices charged were reasonable.

The defendants introduced evidence to show that the notice of plaintiff of its intention to file a mechanic's lien on the property had not been served upon William Jacobia. In part this evidence was a page of the hotel register at Corning, Kansas, showing the signature of Jacobia of the date of December 19, 1906, the alleged date of service claimed by plaintiff. The register was objected to for the reason that it was not properly identified. The evidence of defendant went to show that the material was sold upon the credit of the contractor; and that the plaintiff was a member of a trust or pool in violation of the statute.

The court instructed the jury upon the issues raised by the answer, except the defense that plaintiff belonged to a pool or trust in violation of the statute. At the request of plaintiff the court instructed the jury to disregard any testimony concerning such pool, trust or combination. Previously, however, all evidence addressed to that issue had been stricken from the record at the instance of plaintiff, following which plaintiff moved to discharge the jury on the ground that the introduction of

the evidence on said issue worked to his prejudice. The court denied the motion.

The jury returned its verdict upon two separate slips of paper. The first was a finding against the plaintiff and in favor of defendants, William Jacobia, Thos. A. Haley and Leo Leslie, owners of the property sought to be charged with the lien, and the second was a finding in favor of the plaintiff against the other defendants for the amount of plaintiff's claim. The judgment being against plaintiff and in favor of the property owners the plaintiff appealed.

The principal question raised by the appeal is, was the failure of the court to discharge the jury on plaintiff's motion for the reason of prejudice engendered against it by the efforts of defendants to show that it belonged to a pool or trust forbidden by law, error? As a general rule we think it is well settled that in case where a party fails to sustain his plea although evidence has been received by the jury in his favor on the issue raised thereby, it is not necessary to discharge the jury on the motion of the opposing party on the alleged ground of prejudicial error, unless it is made to appear to the satisfaction of the court that there was such prejudice as a matter of fact. It is said that: "It is well settled in this state, that where erroneous evidence has been admitted during the trial, the error in its admission may be cured, by afterwards withdrawing the objectionable evidence from the jury." [Anderson v. Union Terminal Ry. Co., 161 Mo. l. c. 420, and cases cited.] And it is held that where the court first admitted testimony and afterwards excluded it, there was no error, and that: "To hold otherwise would be to establish the rule of practice that when a court made a mistake and admitted incompetent testimony, and afterwards discovered that it had done so, it could not effectually correct the error by instructions to the jury, but that in order to remove the sting of the error it would have to discharge the jury and award a new trial before a new venire. Such a rule could not

be expected to be announced by any court. When a trial court becomes satisfied that it has erred in the admission of testimony, all that it can do is to instruct the jury to disregard it, and the presumption is that the jury did disregard it." [Harrison v. Kansas City Electric Light Co., 195 Mo. l. c. 635.]

We are prepared to admit there may be instances where the wrongly admitted evidence would be of such a damaging character as to create prejudice against the opposing party that the court would not hesitate in the interest of justice to dismiss the jury and have the cause submitted to another. In such instances much must be left to the sound discretion of the trial judge. The judge in this instance did not think the jury had been prejudiced by what they had heard. And in view of the fact that the evidence was directed to an issue raised by defendants' answer, which the plaintiff tacitly admitted was a good and lawful defense to plaintiff's right to recover, as it did not offer to, or move to strike it out, we believe the court did not abuse its discretion. As the defendants are not here to complain of the action of the court in refusing to submit the issue whether plaintiff was in a combination with a pool or trust in violation of law, we will not discuss the law relative to that question.

We do not think there was error in admitting the hotel register going to show that on the date in question Jacobia was at Corning, Kansas, and not in Kansas City when the notice, as plaintiff's evidence tended to show, was served. The book was sufficiently identified and the fact that Jacobia's name appeared therein at the time stated was of much probative force especially in view of the fact that it was shown to be his proper signature.

Nor do we attach any importance to the fact that the verdict of the jury was on two separate slips of paper as they were sufficiently identified and ordered entered by the court. Had the verdict been upon the same sheet of paper it would not have made it any better. The objection is purely technical.

Appellant raised other question which are also mostly technical and unimportant.    The case was well tried. Judgment affirmed.    All concur.