SAMUEL EDELMAN, PLAINTIFF, v. JAMES M. DUNN, DEFENDANT.

MACKAY, S. C. C. Samuel Edelman, plaintiff, seeks to recover damages from James M. Dunn, defendant, charging false imprisonment because Dunn, as first assistant prosecutor of Passaic county, agreed on January 9th, 1930, at ten-fifteen A. M., in open court, to fix bail in the sum of $7,500 for Edelman's appearance for trial. Edelman was arrested on a charge of arson, and bail fixed November, 1929, at $15,000, which was given. An indictment was found by the grand jury, hence Edelman was notified to appear and give new bail and have a day fixed for trial. The complaint charges further, that Dunn willfully and maliciously refused to accept the bail, falsely and fraudulently pretending that he had to investigate the same before he would accept it, and caused said Edelman to be imprisoned until the alleged investigation was completed. That Edelman then applied to Judge Delaney, of the Quarter Sessions, to compel and direct the acceptance of the bail, and the judge forthwith directed Dunn to attend to the acceptance of bail. Further, that Dunn knew before investigating that the bail was sufficient because he had accepted the same bondsman and the same real estate security when Edelman was first arrested, and prior to his indictment and arraignment on January 9th, 1930.

The theory of the plaintiff's complaint is that defendant had power to fix and accept bail. This does not appear to be so.

Under the Criminal Procedure act the judge of the Quarter Sessions fixes the bail in an arson case. 2 *Comp. Stat.*, *p.* 1828, § 24. The sheriff or county clerk may admit to bail upon the order in writing of the judge (see section 20), and I am of the opinion that these last named officials are the proper persons to examine or investigate the bail. There appears to be no warrant in law for the judge to delegate the power to investigate bail (which plaintiff alleges in his affidavit the judge did) nor any authority for the assistant prosecutor to take upon himself the performance of this task. Plaintiff's affidavit is to the effect that there is a long established rule of the prosecutor's office to investigate bail. He attaches a blank form, signed in blank by the judge. This blank form clearly sets forth: "The clerk of this court or the sheriff of the county of Passaic is hereby authorized to take bail in the above-stated case."

Why then should assistant prosecutors walk around with blank forms signed by the judge, and take bail when they see fit, having no authority in the premises so to do. It can and may open the door for favoritism. It is reprehensible in the extreme. If the present law is not satisfactory, then let the legislature act, but until they have done so, let us have the criminal procedure followed legally. Nothing is more sacred than liberty. Every person charged with crime is presumed innocent until proven guilty. I have digressed from my opinion on this motion because defendant's affidavit presents an unusual and improper method of dealing with the subject of bail and I feel it my duty to call it to the attention of counsel.

The complaint appears to me to be frivolous. On its face it set forth no cause of action, although true. *National Surety Co.* v. *Mulligan,* 146 *Atl. Rep.* 372.

Furthermore, our courts having held regarding a judicial officer and *quasi*-judicial·officer, that "for a mere error in judgment in the execution of his office no action can be maintained. It is a principle which lies at the very foundation of a free, vigorous and independent administration of justice." *Little* v. *Moore,* 4 *N. J. L.* 84.

In *Taylor* v. *Doremus,* 16 *N. J. L.* 473, Chief Justice Hornblower said, *inter alia:* "An action will not lie against a judge for an error in judgment, however prejudicial to the rights of the party such error may be, is a proposition so plain, so consonant to reason, and so essential to the very courts of justice, that it needs neither authority nor argument to support it." *Taylor* v. *Doremus, supra.* See *Grove* v. *Van Duyn,* 44 *N. J. L.* 654.

While I have heretofore stated that the assistant prosecutor had no power to accept or fix bail and that it was improper to have blank applications, nevertheless, there was another duty which the assistant prosecutor had to perform. He was acting in a judicial or *quasi*-judicial capacity. I believe he was a *quasi*-judicial officer. Although there may have been an error in judgment on his part he had an official duty to perform, connected with plaintiff's arraignment. See *Hann* v. *Lloyd,* 50 *N. J. L.* 1; *Griffith* v. *Slinkerd (Ind.),* 44 *N. E. Rep.* 1001.

It follows that the complaint in this case should be struck out. I will so recommend.