SAMUEL EDELMAN, APPELLANT, v. JAMES M. DUNN, RESPONDENT.

Submitted May 29, 1930—Decided February 2, 1931.

For the appellant, *Minturn & Weinberger*.

For the respondent, *Burnett, Murray & Trelease*.

The opinion of the court was delivered by

HETFIELD, J. This action was instituted in the Supreme Court by Samuel Edelman, the appellant, to recover damages from James M. Dunn, assistant prosecutor of the pleas of Passaic county. It appears that the appellant had been indicted by the grand jury of Passaic county, on a charge of arson, was arraigned on January 9th, 1930, and entered a plea of not guilty, whereon bail was fixed for $7,500. The assistant prosecutor, after examining the title to the real estate offered as security for bail, filled out an order which directed the county clerk or sheriff to accept bail, said order having been previously signed by the judge of the Court of Quarter Sessions. The prosecutor also endorsed on said order his approval of the security offered, and delivered same to the attorney for the appellant. The appellant was arraigned about ten-fifteen A. M., and released on bail about four-fifteen P. M. The complaint charges that the assistant prosecutor maliciously and without legal cause or justification, refused to accept bail when tendered by the appellant, and by reason

thereof he was unlawfully detained and imprisoned. There was a motion to strike out the complaint on the ground that it failed to set forth any cause of action, the motion was granted by the Circuit Court judge, sitting as a Supreme Court commissioner, and this appeal is taken from the judgment of dismissal.

The appellant concedes that neither the prosecutor or his assistant is vested with power to fix, examine, investigate or accept bail, and we agree. He then contends that by reason of the assistant prosecutor's unwarranted delay in examining the security, approving the bail bond, and accepting same, a cause of action may be maintained. The power to fix and accept bail in an arson case, as provided in sections 20 and 24 of the Criminal Procedure act, 1898, is vested in the judge of the Court of Oyer and Terminer, or the Court of Quarter Sessions, who may delegate the power to the sheriff or county clerk, by written order. There is no suggestion in the statute which permits a prosecutor or his assistant to exercise any control over the admission to bail of persons charged with crime.

We therefore conclude that the refusal by a public official to perform an official act for which there is no statutory authority, does not constitute a cause of action, even though his grounds for refusal were improper and he was actuated by a malicious motive, as the legality of an act cannot be changed or affected by the motive with which it is done.

The judgment of dismissal will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.