**THE PEOPLE OF THE VIRGIN ISLANDS,**
**Plaintiff**

v.

**JOSE ERNESTO CARRERO, Defendant**

Criminal No. 7

District Court of the Virgin Islands

Div. of St. Croix at Christiansted

December 28, 1955

*See, also, 139 F. Supp. 275*

LEON P. MILLER, ESQ., United States Attorney, Charlotte Amalie, Virgin Islands, *for the People*

R. H. AMPHLETT LEADER, ESQ., Frederiksted, Virgin Islands, *for defendant*

MOORE, *Judge*

This matter came on for hearing on the 21st day of September, 1955, on a writ of review filed by the defendant following a hearing of the above-entitled matter in the Police Court on the 10th day of February, 1955.

The People of the Virgin Islands was represented by Leon P. Miller, Esquire, United States Attorney; and the defendant, Jose Ernesto Carrero, was represented by his attorney, R. H. Amphlett Leader, Esquire.

Upon the call of this matter counsel for the defendant proceeded to argue the merits of the within writ which was answered by the United States Attorney. Whereupon the Court directed that briefs or memoranda of law be submitted for the Court's consideration.

On September 26, 1955 the United States Attorney filed a memorandum as directed by the Court, and on November 2, 1955, counsel for the defendant filed a brief herein.

The Court having read both documents and, after careful and thoughtful consideration of the said matter, now wishes to analyze the case as presented.

In discussing the issues, the Court has kept in mind the varied and many errors raised by counsel for the defendant. I shall rule upon them at the conclusion of my analysis.

## Statement of Facts

It appears that on the 15th day of December, 1954, the defendant, Jose Ernesto Carrero, was alleged to have violated sections 24 and 26 respectively of the Motor Vehicular Traffic Ordinance for the Municipality of St. Croix, (Ordinance Mun. C. St. C. Nov. 24, 1939, Bill No. 29, §§ 24, 26; 20 V.I.C. §§ 492, 541) either at or near the intersection of Market and King Streets, Christiansted, Saint Croix.

Shortly after the commission of these alleged violations, Patrolman A. Hoyer of the Department of Public Safety of this Municipality, arrived at the scene where these infractions were said to have occurred and proceeded to conduct an investigation thereof.

As a result of his inquiries, predicated upon the answers he received from persons in the immediate neighborhood, Patrolman Hoyer telephoned the Police Office at Frederiksted — a distance of fifteen miles from the place of the alleged violations — and directed the desk officer to intercept and arrest the defendant, Jose Ernesto Carrero, who was then proceeding to Hams Bay Lighthouse.

Acting upon these instructions, the desk officer directed a brother officer to overtake the defendant and arrest him.

The defendant, Jose Ernesto Carrero, was brought before the desk officer who immediately proceeded to fix and accept bail after consulting a "list of crimes and offenses and sums of money thereto appended" which had been previously given to the Police Department by the Judge of the Police Court.

180

It appears that the desk officer refused to acquaint the defendant with the crime he had committed and also refused to accept bail furnished then and there by the defendant from his check book which he carried on his person which, in turn, necessitated the furnishing of the bail fixed by one Angel Suarez at a subsequent time.

On February 10, 1955 the defendant was brought to trial before the Judge of the Police Court.

The question of the illegal arrest and the illegal fixing and accepting of bail was duly heard and the lower court ruled that the arrest was legal and that the fixing of bail was also legal.

To this ruling the defendant took exception.

The facts further indicate that prior to the hearing in the lower court, Patrolman A. Hoyer, the officer who initiated the action and put the machinery of the law into operation, charged the defendant on two counts: First, with "Failure to Stop, etc.," which is a violation of section 26 of the Motor Vehicular Traffic Ordinance and, secondly, with "Reckless Driving" which is also a violation of section 24 of the Motor Vehicular Traffic Ordinance.

Counsel for the defendant contended in the lower court that Patrolman Hoyer had no personal knowledge of the facts constituting the offenses charged and, consequently, could not properly appear as the complaining witness.

The facts further reveal that the Judge of the Police Court was asked to disqualify himself in the instant proceedings on the ground of his revelation that it was at his request, command, order and direction that the police acted in fixing and accepting bail in cases where arrests were made. Counsel's motion for disqualification was denied, to which ruling exception was taken.

It is also noted that immediately preceding the trial in the lower court, the defendant made a motion for the sequestration of witnesses. The court granted the motion

with the exception of witness Frances Thomas whom the court claimed was in the same position as the complaining witness, Patrolman A. Hoyer.

It is further alleged that the lower court discredited and refused to consider the testimony of an unimpeached eye-witness on the ground that the witness could not name the drivers of the vehicles involved in the cases, and who did not speak to Patrolman Hoyer, the complaining witness, when he arrived at the intersection of Market and King Streets; to all of which the defendant took exception.

At the conclusion of the hearing, the lower court found the defendant, Jose Ernesto Carrero, not guilty on the charge of "Failure to Stop, etc.," and on the charge of "Reckless Driving", the court found the defendant guilty, and imposed a $25 fine which said fine was suspended for one year.

In the Code of Laws for the Municipality of St. Croix (1921), at Title V, chapter 30, section 3, p. 387 (5 V.I.C. § 3562), it is provided that "A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person.

"1. For a public offense committed or attempted in his presence.

"2. When a person has committed a felony, although not in his presence;

"3. When a felony has in fact been committed and he has reasonable cause for believing the person to have committed it;

"4. On a charge made, upon a reasonable cause, of the commission of a felony by the party; and

"5. At night when there is reasonable cause to believe that he has committed a felony."

However, this defendant, Jose Ernesto Carrero, was charged with the commission of a misdemeanor without the presence of the arresting officer.

It is a general rule subject to statutory variations that "a misdemeanor must have been actually committed to justify an arrest without a warrant, and the mere be-

182

lief or suspicion that a misdemeanor is being, or has been, committed is insufficient to warrant an arrest without a warrant; nor may an arrest without a warrant be made on a belief, founded on information received from a third person, that a misdemeanor is being committed", as happened in the instant case. See 6 C.J.S., Arrest, § 6, p. 594.

That the defendant, Jose Ernesto Carrero, was arrested there is no dispute. However, as to whether or not the police officer could accept bond by merely consulting a "list of crimes and offenses and sums of money thereto appended" which was given to the Police Department by the Judge of the Police Court for the purpose of fixing and accepting bail for persons arrested, we refer to the Code of Laws of the Municipality of St. Croix.

The Code (1921) Title V, chapter 20, section 2, 375 (5 V.I.C. § 3505 note), provides:

"That the taking of bail consists in the acceptance by a competent court or magistrate of the undertaking of sufficient bail for the appearance of the defendant according to the terms of the undertaking or that he will pay to the Municipality a specified sum of money;"

and again at section 6, infra, it is provided:

"The Judge of the District Court and such other persons as the Governor may appoint as magistrates may admit to bail and accept bail. When bail is given to a magistrate the undertaking shall be by the magistrate, delivered to the clerk of the District Court, and filed by the clerk with the records of the case within three days."

■■ The court is of the opinion that, in the absence of statutory authorization, a police officer or a sheriff has no power to take or accept bail, except where a ministerial power is delegated to him by the court. "As a general rule a sheriff can take and approve bail only after the amount has been fixed by the proper officer, and been indorsed upon the warrant, capias, commitment, or indictment. . . . Blevins v. State, 31 Ark. 53; McKie v. State, 74 Kan. 21, 85 Pac.

183

827, such as on legal process, issued by one having lawful authority or based on an order of the court or judge or upon a warrant or other process showing that the accused is to be admitted to bail. Shaw v. Commonwealth, 1 Duv., Ky., 1."

It is also noted that ". . . when the judge is absent, the absence of the judge is absolutely essential to the clerk's authority to fix the amount, and a recognizance the amount of which is fixed by the clerk when the judge is not absent is absolutely void." See State v. Woodward, 159 Mo. 680, 60 S.W. 1042, State v. Pratt, 148 Mo. 402, 50 S.W. 113, for "the allowance of bail and fixing the amount thereof being judicial acts, in the absence of statute otherwise, the court or judicial officer vested with such power cannot delegate it to another." See 6 C.J. p. 982, note 9; 8 C.J.S., Bail, § 41; Bottom v. People, 63 Colo. 114, 164 Pac. 697; Knecht v. State, 90 Ind. App. 46, 168 N.E. 128; Edelman v. Dunn, 149 A. 766, 8 N.J. Misc. 154, affirmed 107 N.J.L. 353, 153 A. 524.

It has been stated that "it is a constantly recurring principle that the right to bail must be secured by law, and that bail allowed or a recognizance taken by a court without jurisdiction or *an officer without authority*, or a bail bond taken by an officer without authority to do so, is void." 8 C.J.S., Bail, § 43; United States v. Hudson, D.C. Ark., 65 Fed. 68, appeal dismissed 17 S. Ct. 994, 41 L. Ed. 1178; City and County of San Francisco v. Hartnett, 1 Cal. App. 652, 82 Pac. 1064.

However, on a writ of review, instead of an appeal, this court is faced with only one question upon which the entire case rests, to wit:

Did the lower court have the jurisdiction and the right to try a defendant who had been arrested illegally — without a warrant for a misdemeanor not committed in the presence of the arresting officer and upon a complaint

signed by the officer for a misdemeanor not committed in his presence?

■■ The court is in complete accord with the holdings contained in the cases enumerated above as they affect both the arrest, the fixing and accepting of bail. Nevertheless, the fact remains that these defects were cured upon the trial of the cause. It has been pointed out that as a general rule, "the mere fact that the arrest of an accused person is unlawful is of itself no bar to a prosecution on a subsequent indictment or information, by which the court acquires jurisdiction over the person of the defendant." 56 A.L.R. 260. In State v. McClung, 104 W.Va. 330, 140 S.E. 55, 56 A.L.R. 257, it was held that "where there has been an unlawful arrest of a person accused of a crime, the fact of such arrest will not bar a prosecution upon an indictment afterwards regularly found against the accused."

This court is further supported and strengthened in its views by the case of Whitney v. Zerbst, 10 Cir., 62 F.2d 970, at page 971, in which it was held that "the jurisdiction of the court in which an indictment is found is not impaired by the manner in which the accused is brought before it. The fact that the arrest was unlawful or the removal proceedings illegal would not affect such jurisdiction." In re Johnson, 167 U.S. 120, 17 S. Ct. 735, 42 L. Ed. 103; Mahon v. Justice, 127 U.S. 700, 8 S. Ct. 1204, 32 L. Ed. 283; Pettibone v. Nichols, 203 U.S. 192, 27 S. Ct. 111, 51 L. Ed. 148, 7 Ann. Cas. 1047; Ker v. Illinois, 119 U.S. 436, 444, 7 S. Ct. 225, 30 L. Ed. 421; Cardigan v. Biddle, 8 Cir., 10 F.2d 444.

On a writ of review this court, therefore, can find no error as to the lower court's jurisdiction and its right to try the defendant on the illegal arrest or his admission to bail.

■ However, this court is of the opinion that the other

errors complained of in the writ, both as to the sequestration of witnesses and the court's refusal to disqualify himself, et al., are rightly matters to be determined on appeal and not to be considered by this court upon a writ of review.

The defendant had every opportunity to present his case on appeal. Of this right he was not barred. The entire process of the court was available to him. However, his subsequent decision and election to proceed by way of writ of review and not by appeal for a trial de novo, was a matter of his own choosing, and is not a matter for consideration by this court.

It is therefore ordered that the writ of review be denied and the record may so show.

