UNITED STATES of America

v.

Irvin Leroy ANDERSON a/k/a Ervin
Anderson, Appellant.

No. 16973.

United States Court of Appeals
Third Circuit.

Submitted on Briefs Feb. 18, 1969.

Decided April 14, 1969.

Peter J. Webby, Wilkes-Barre, Pa., for appellant.

Harry A. Nagle, Bernard J. Brown, U. S. Attorney, Lewisburg, Pa., for appellee.

OPINION OF THE COURT

Before VAN DUSEN, ALDISERT and STAHL, Circuit Judges.

PER CURIAM:

Defendant has appealed from a Judgment and Commitment of August 3, 1967, sentencing him to three years concurrently, pursuant to findings that defendant was guilty of each of the three counts of the Information [1] after a trial to the court.

---

1. Count I of the Information charged that defendant took "a letter * * * before it had been delivered to the person to whom it was directed, with design to obstruct the correspondence of such addressee" in violation of 18 U.S.C. § 1702, see United States v. Maxwell, 137 F.Supp. 298 (W.D.Mo.1955), aff'd. 235 F.2d 930 (8th Cir.), cert. den. 352 U.S. 943, 77 S.Ct. 266, 1 L.Ed.2d 239 (1956). Count II charged that he "did steal, take and abstract from and out of an authorized depository for mail matter * * * a letter addressed to Curvin A. Wire * * *" in violation of 18 U.S.C. § 1708. Count III charged that he "did unlawfully have in his possession a check * * * being the contents of a letter * * *, which had been stolen, taken, embezzled and abstracted from and out of an authorized depository for mail matter, knowing the same to have been stolen, taken, embezzled and abstracted" in violation of 18 U.S.C. § 1708.

After careful consideration of the record, we have concluded that there was ample evidence to support the guilty findings of the able trial judge.[2] There is no indication whatever (1) that the trial judge did not properly evaluate the testimony of Walter Herman, who had committed a felony, after scrutinizing it with care in accordance with the standard specified in United States v. Barrasso, 267 F.2d 908, 910 (3rd Cir. 1959), and (2) that he did not properly consider the testimony of the juvenile accomplice, J. H. Herman,[3] after close, careful and rigid scrutiny as required by United States v. Schanerman, 150 F.2d 941, 943 (3rd Cir. 1945). The testimony of the 16-year old boy accomplice that defendant had been drinking wine but was not drunk, stuttering or staggering (N.T. 34–36) did not require the fact finder to conclude that a reasonable doubt had been raised in his mind on the existence of the requisite intent when the defendant performed the acts charged in the information.[4] See Ellis v. United States, 206 U.S. 246, 257, 27 S.Ct. 600, 51 L.Ed. 1047 (1907); Cramer v. United States, 325 U.S. 1, 31, 65 S.Ct. 918, 89 L.Ed. 1441 (1945); Doub v. United States, 341 F.2d 572 (9th Cir.), cert. den. 382 U.S. 851, 86 S.Ct. 98, 15 L.Ed.2d 89 (1965).

The concurrent sentences imposed were substantially less than those authorized by Congress in 18 U.S.C. §§ 1702 and 1708, as amended July 1, 1952, and it is noted that the District Court sentence provided that defendant may become eligible for parole at such time as the Board of Parole may determine under 18 U.S.C. § 4208(a) (2).

The above-mentioned Judgment and Commitment will be affirmed.

---

2. Also we note that the evidence must be considered in the light most favorable to the Government. See United States v. Boyance, 329 F.2d 372, 374 (3rd Cir.), cert. den. sub nom. Feldman v. United States, 377 U.S. 965, 84 S.Ct. 1645, 12 L.Ed.2d 736 (1964); United States v. McCurry, 248 F.2d 116 (3rd Cir. 1957).

3. J. H. Herman was 16 when, acting at the request of the defendant, he forged the endorsement on the check and tried to pass it.

4. Particularly in view of the four or more witnesses contradicting defendant's testimony and the several felonies he had previously committed (N.T. 60–62), the fact finder was clearly justified in rejecting defendant's testimony concerning his drinking and picking the envelope with the check from the street (N.T. 50–60).