**GOVERNMENT OF THE VIRGIN ISLANDS**
**In the Interest of**
**JOSEPH PHILLIPUS, Minor**

J.D.R. No. 202

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

February 18, 1972

JAMES A. RICHARDS, ESQ., *for Joseph Phillipus, minor*

IVE SWAN, Department of Law, *for the Government*

HOFFMAN, *Judge*

### ORDER AND MEMORANDUM OPINION

A motion to suppress came on to be heard in the instant matter on February 11, 1972. The minor was represented

by James A. Richards, Esq. and the government by Ive Swan of the Department of Law. While the Court conducted the hearing in private, it allowed with the stipulation of the involved parties the attorney for a defendant arrested with the minor to be present along with the Government attorney handling that case. Both of these attorneys were allowed to participate and question the witnesses.

The minor with his companion, also subsequently charged under 14 V.I.C. 2101(a)(2), were walking in an easterly direction on Government Hill during the early morning hours of August 16, 1971. The minor testified that upon their arrival in the vicinity of the Governor's Mansion they were approached by the officer on guard duty there. According to the juvenile the guard then asked him what he had in the bag that he was carrying. When the minor remained silent the guard took the bag, searched it and told the youths to come inside. Once inside the guard held the youths while he called for a patrol car. Upon its arrival the youths were taken away and subsequently charged with receiving stolen goods under 14 V.I.C. 2101(a)(2).

The testimony of the guard reveals a somewhat different account of these incidents. Among other points the guard maintains that he told the youths to halt after he had observed them proceeding down the street in a strange manner giving each other various hand signals. He also maintains that the bag held by Phillipus burst open, when he told the youth to set it down on the Government House step, revealing its contents. Even assuming that the Court fully believed this officer, its resolution of the motion would turn largely on matters of law rather than fact. In this regard two factors are worthy of emphasis. First, no search or arrest warrant was issued in this case and second, the minor was arrested and charged with the commission of a misdemeanor. To find a suitable test for the

legality of the search and seizure under these circumstances, the Court need not look beyond the jurisdiction; several Virgin Islands cases are directly in point. See:

> People v. Carrero (D.C.V.I. 1955) 3 V.I. 177; 139 F.Supp. 275.
>
> Government of the Virgin Islands v. Rijos (D.C.V.I. 1968) 6 V.I. 475; 285 F.Supp. 126.
>
> Government of the Virgin Islands v. Rodriguez (D.C.V.I. 1969) 7 V.I. 360; 300 F.Supp. 860.
>
> Government of the Virgin Islands v. Chesterfield, et al. (Mun. Ct. V.I. St. T. and St. J. 1966) 6 V.I. 18.

In Carrero the court stated the general rule that a misdemeanor must have been committed in the presence of the officer in order to justify an arrest without a warrant, and mere belief or suspicion that a misdemeanor is being or has been committed is insufficient to warrant an arrest without a warrant. 3 V.I. at 182–3. In Chesterfield the court stated: police can make misdemeanor arrests without a warrant for offenses committed or attempted in their presence or when they have reasonable grounds to believe that the person to be arrested *is committing* such violation. 5 V.I.C. 3562. 6 V.I. at 27 (emphasis supplied).

In the instant situation there was absolutely no indication or intimation that the alleged offense was committed in the presence of the arresting officer, much less in the presence of the officer at Government House. The Court is well aware of the authority cited by the government at the hearing for the proposition that an arrest need not necessarily precede a search in point of time. See: United States v. Collins (D.C. Cir. 1971) 439 F.2d 610, 614; Bailey v. United States (D.C. Cir. 1967) 389 F.2d 305, 308. The Court is also mindful of the following caveat: an arrest must be lawful in itself and not merely a pretext for a

85

search. McKnight v. United States (D.C. Cir. 1950) 183 F.2d 977; United States v. Elliot, 210 F.Supp. 357 (D.C. Mass. 1962). Judge Maris summarized this area of the law quite succinctly in the Rodriguez opinion, 7 V.I. at 368:

"The validity of the search and seizure of the property involved in this case, therefore, depends upon the validity of the arrest of the defendants. Whether their arrest was valid in turn depends upon whether, at the moment of the arrest, the police officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge were sufficient to warrant a prudent man in believing that the defendants had committed or *were committing the offense with which they were subsequently charged*. Beck v. Ohio (1964) 370 U.S. 89, 91; 13 L.Ed.2d 142, 145." (Emphasis supplied.)

Of course for the reasons above recited, in the case of a misdemeanor it is not sufficient if the officer merely believes that the defendant "had committed" the offense; it must be committed in his presence.

█ The Court can only conclude that the arrest in the instant case was totally invalid. Under these circumstances the search and seizure cannot be legally condoned.

Accordingly it is Ordered that the Minor's motion to suppress each and every item of evidence seized is granted.

The adjudicatory hearing in this case is set for February 22, 1972 at 10:00 a.m. in Part II of the Municipal Court. Copies of this Order shall be served on the attorneys who participated in this motion to suppress.