GOVERNMENT OF THE VIRGIN ISLANDS

v.

JAMES DUVERGEE, Appellant

No. 71-1797

United States Court of Appeals

Third Circuit

Argued January 27, 1972

Decided March 6, 1972

VERNE A. HODGE, ESQ., St. Thomas, V.I., *for appellant*

CARL S. RAUH, ESQ., Assistant United States Attorney, St. Thomas, V.I., *for appellee*

Before SEITZ, *Chief Judge*, ALDISERT and GIBBONS, *Circuit Judges*

## OPINION OF THE COURT

GIBBONS, *Circuit Judge*

■ Appellant Duvergee appeals from a sentence imposed by the District Court of the Virgin Islands upon his conviction, in a non-jury trial, of assault in the third degree. 14 V.I.C. § 297. He was charged originally with assault with intent to commit murder, 14 V.I.C. § 295(1), but was found guilty of the lesser included offense. The incident giving rise to the charge took place on August 6, 1970 when a police officer, summoned by a neighbor after an altercation with Duvergee, attempted to arrest him for disturbing the peace. The altercation with the neighbor did not take place in the officer's presence, and no warrant had issued. At trial the government contended that Duvergee had used offensive language in the officer's presence, a misdemeanor under 14 V.I.C. § 1021(6). Witnesses' versions of the events of August 6 varied considerably, and the court, relying upon the version of the one witness found to be most disinterested and credible, found that Duvergee had not, prior to his arrest, violated 14 V.I.C. § 1021(6). The court correctly concluded, therefore, that in making the arrest the police officer was acting illegally. See 5 V.I.C. § 3562; People v. Carrero, 3 V.I. 177, 139 F.Supp. 275 (D.C.V.I. 1955).

Duvergee's version of the events was that in effecting the illegal arrest the officer, after Duvergee had merely shrugged off the officer's hand, beat him with a club. He thereupon, acting in self defense to the officer's assault,

drew a knife. In the course of the struggle the officer was stabbed and Duvergee was shot. The version of the police officer differed considerably. The version which the court found to be credible was that of the witness Erica Peets, who testified that the police officer told Duvergee he was under arrest for disturbing the peace, and that before the police officer struck him Duvergee took a knife from his pocket, took the policeman's baton in his hand, and assaulted the policeman. The policeman then retreated and fired two shots in the ground. Duvergee sprang toward the policeman and both tumbled to the ground. The court expressly found that the first show of force was Duvergee's assault with the knife.

Duvergee, relying on Bad Elk v. United States, 177 U.S. 529, 534–35 (1900), United States v. Di Re, 332 U.S. 581, 594 (1948), Basista v. Weir, 340 F.2d 74, 82 n. 7 (3d Cir. 1965) and on the dissenting opinion of Justice Douglas in Wainwright v. New Orleans, 392 U.S. 598, 610, 613 (1968), urges that he cannot be convicted of an assault for resisting an unlawful arrest. The government urges that we should adopt for the Virgin Islands the rule of Section 304(2)(a)(1) of the American Law Institute Model Penal Code (1958) which denies the right to resist an arrest which the resistor knows is being made by a peace officer even though the arrest is unlawful. See United States v. Heliczer, 373 F.2d 241, 246 n. 3 (2d Cir. 1967). The statutes of the Virgin Islands governing arrest are silent on the subject. 5 V.I.C. § 3561–3566.

 In view of the finding of fact made by the district court, however, the case does not require a decision on the issue of whether a citizen can ever resist an unlawful arrest by use of reasonable force. The authority of Bad Elk v. United States, supra, on that issue may now be questionable in view of Terry v. Ohio, 392 U.S. 1 (1968). But even Bad Elk is not authority for the proposition that unreason-

able force may be used in resisting an unlawful arrest. The court there stated the rule:

"If the officer have no right to arrest, the other party might resist the illegal attempt to arrest him, using no more force than was absolutely necessary to repel the assault constituting the attempt to arrest." 177 U.S. at 535.

The district court has found here that the first use of force was Duvergee's assault upon the officer with a knife. The applicable Virgin Islands statutes provide:

"(a) Violence used to the person does not amount to an assault or an assault and battery:

\* \* \*

(6) in self defense or in defense of another against unlawful violence offered to his person or property.

(b) In all cases mentioned in subsection (a) of this section, where violence is permitted to effect a lawful purpose, only that degree of force must be used which is necessary to effect such purpose." 14 V.I.C. § 293.

Cf. 14 V.I.C. § 43. The district court found that an assault with a knife was not reasonable violence in the circumstances. The evidence on that issue must at this stage be considered in the light most favorable to the government. United States v. Anderson, 409 F.2d 836 (3d Cir. 1969); cf. United States v. Carlson, 359 F.2d 592, 597 (3d Cir. 1966); United States v. Boyance, 329 F.2d 372, 374 (3d Cir. 1964), cert. denied 377 U.S. 965 (1964) aff'd sub nom. Feldman v. United States, 377 U.S. 695 (1964). Once Duvergee committed an assault by using unreasonable force he had committed at the very least a public offense, and probably a felony, in the presence of the officer. The officer was, therefore, justified in continuing his efforts to effectuate the arrest, 5 V.I.C. § 3562, and Duvergee's continued assault upon him could not be justified by any theory of self defense or reasonable resistance to unlawful arrest.

The judgment of the district court will be affirmed.