**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**CHARLES A. CONNOR, Defendant**

Case No. 1025-1975

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

April 11, 1975

HOFFMAN, *Judge*

MEMORANDUM OPINION AND ORDER

This case came on for a hearing of a motion by the Defendant to quash the summons and dismiss the complaint. The facts concerning the arrest of the defendant and issuance of the traffic ticket were stipulated to by the parties. Testimony was adduced from the issuing officer, Patrolman Kelch, regarding the filing of the complaint.

On February 13, 1975, at approximately 9 p.m., the Department of Public Safety was notified that there was an accident on Harwood Highway near the old Tropical Motors location. Patrolman R. Kelch (Badge No. 15) was dispatched to the scene of the accident for the purpose of making a traffic accident investigation. Patrolman Kelch arrived at the scene approximately 15 to 20 minutes subsequent to the time of the accident. The Defendant, Connor, was taken by a man to the hospital because the Defendant had an arm injury. Approximately two hours after Defendant arrived at the hospital, Officer Fleming in the presence of Lt. Rogers and Officer Kelch informed Defendant that he was placed under arrest. Patrolman Fleming transported the defendant in a police vehicle to the Fort. Patrolman Kelch while at the Fort and subsequent to the arrest of the Defendant, prepared and issued to the Defendant a form known as "Uniform Traffic Ticket", numbered 72910. At the time Defendant received his traffic ticket he was advised by Patrolman Fleming that he could be released on $500.00 bail. Bail in the form of property was subsequently posted by the Defendant's family. The only document received by Defendant was on February 13, 1975, at the police station, a Uniform Traffic Ticket No. 72910. Subsequent to February 13, 1975, a complaint was sworn to by Patrolman Kelch before an Assistant Attorney General and filed in the Municipal Court.

■ I find no legal basis for the arrest here either under the Common Law of Arrest, Section 3562 of Title 5 of the Code or anywhere else in the Code. I find no reason to make any *ad hoc* exceptions to the general rule enunciated by Judge Moore in People v. Carrero, 3 V.I. 177 and reaffirmed by the Third Circuit in 1972 in Government of the V.I. v. Duvergee, 456 F.2d 1272: that is, that an arrest by a police officer for a misdemeanor NOT committed in his presence is illegal.

■ ■ However, I further concur with the Carrero case that such an illegal arrest does not terminate the prosecution of the case. Defendant's remedies here are civil. I find the summons as issued to be valid under Municipal Rule 151. The ticket states plainly on its face that "the undersigned *will* file a complaint." Here, such a complaint *was* subsequently filed and sworn to before an Assistant Attorney General. I reject any contention that for the summons to be valid it must first be sworn to—this would require every officer to have a judge or Assistant Attorney General present at the issuance of every ticket in cases like this.

■ I hold that Rule 151, when read in conjunction with the language of Rule 153, allows the officer to issue summons at the scene of the traffic offense and to file the complaint at some later date. No arrest is permitted for a traffic misdemeanor not committed in the officer's presence, BUT the officer may issue summons and subsequently, upon his belief and information gained during his investigation, file a valid complaint.

The motion to quash summons and dismiss the complaint is denied and the case set for trial May 11, 1975 at 10 a.m. in Courtroom II.

It is so ordered.