GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

REGINALD MORTON, Defendant

## Crim. No. 9/1978
## Territorial Court of the Virgin Islands
### Div. of St. Thomas and St. John
## December 4, 1978

---

[5] This procedure is appropriate, in any event, pursuant to the provisions of 16 V.I.C. § 110.

LEONARD FRANCIS, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for plaintiff*

ALAN SMITH, ESQ., Territorial Public Defender, St. Thomas, V.I., *for defendant*

PETERSEN, *Judge*

### MEMORANDUM OPINION AND ORDER

Defendant, Reginald Morton, was arrested for distribu-

tion of a controlled substance on January 1, 1978 and is now being charged with simple possession of marijuana in violation of Title 19 V.I.C. § 607(a). The case is before the court on defendant's motion to suppress evidence. He alleges that his arrest was without probable cause, and the subsequent search was without a warrant, without probable cause and not incident to a lawful arrest, all in violation of the Fourth Amendment of the United States Constitution. The motion was argued April 7, 1978, and upon the testimony of the arresting officer the following facts were put into evidence.

Officer Raymond, the arresting officer, was, at the time of Morton's arrest, assigned to a special crime prevention unit which handled burglaries and narcotics dealings in the downtown area. On January 21, 1978, between 10:00 p.m. and 11:00 p.m., Officer Raymond, working in plain clothes in the vicinity of Royal Dane Mall, first observed the defendant and two sailors "talking." The officer testified that he was standing approximately 10 feet away and that he "listened to" the conversation but "couldn't understand what they were saying." According to the officer, the defendant "took out what appeared to be two rolled cigarettes" from his jacket pocket and "the sailor gave him money" in exchange. Defendant Morton began to count change to the sailor and by the time he reached $18.00, the officer approached them, identified himself and placed them under arrest. According to the testimony, the sailor "dropped" the two cigarettes he had, and all were ordered to stand up against a wall. In the ensuing "scuffle" the defendant "took out a handful of rolled cigarettes and threw them on the ground." The sailors ran and the defendant wound up in handcuffs. Officer Raymond seized the abandoned cigarettes which, upon subsequent laboratory testing, proved to be marijuana. It is this evidence which the defendant now seeks to suppress as the fruit of an illegal

search and seizure stemming from an arrest which was unlawful because it was not based upon probable cause.

It is clear from the evidence before the court that the material series of events in the encounter between the officer and the defendant occurred in the following sequence: observation, approach, arrest, search and abandonment of the evidence, and seizure. It is important to note that there was an arrest, lawful or otherwise, before there was a search, seizure or abandonment of the evidence. Based on this sequence of events and the facts in evidence, there are three issues which the court must resolve. First it must be determined of what consequence, in terms of admissibility, is the fact that the defendant abandoned the evidence he now seeks to suppress. Next, the court must resolve the issue of which party rightfully bears the burden of proof on this motion. Finally, the court must consider what constitutes probable cause for arrest in this jurisdiction and decide whether such probable cause existed in this case at the time defendant Morton was arrested. The first of the three issues was addressed by the parties in their memorandums of law while the remaining two issues were raised by the parties at the hearing on the motion and were reserved by the court for ruling until now.

I

 Both parties would agree that the Fourth Amendment[1] ceases to protect a defendant with respect to property he has voluntarily abandoned. The Supreme Court ruled in Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68

---

[1] The Fourth Amendment to the United States Constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

This Amendment is made applicable to the people of the Virgin Islands by Pub. L. 90–496, § 11, 82 Stat. 841, eff. Aug. 23, 1968, and § 3 of the Revised Organic Act of 1954.

L.Ed. 898 (1924), that a defendant is without standing to question the validity of a police seizure of property which he has abandoned. However, if an illegal arrest, search or seizure is involved and defendant, under pressure, abandons property which is subsequently recovered by the police, such property is not admissible in evidence against him. United States v. Merritt, 293 F.2d 742 (3d Cir. 1961); Monteiro v. Howard, 334 F. Supp. 411 (D.R.I. 1971).

■ Where there has been an unconstitutional invasion of defendant's Fourth Amendment rights and an item of evidence is abandoned as a direct result of the illegal conduct, courts considering the situation, including the Third Circuit in Merritt, supra, have uniformly held that the initial illegality tainted the seizure of evidence. Fletcher v. Wainwright, 398 F.2d 62 (5th Cir. 1968). Moreover, in United States v. Festa, 192 F.Supp. 160 (D. Mass. 1960), it was held that where the defendant's arrest was unlawful and defendant's disposition of evidence was in response to that unlawful arrest, defendant retained such possessory rights in the abandoned property as to have it suppressed as evidence.

Thus, the effect of the evidence in question having been abandoned by the defendant will ultimately depend upon the validity of defendant's arrest. If the court finds that the evidence was abandoned under pressure from, and pursuant to, an unlawful arrest, the court will conclude that the evidence subsequently seized by the officer must, on account thereof, be suppressed.

## II

■ Ordinarily on a motion to suppress evidence, the burden falls upon the defendant to establish the fact that evidence sought to be suppressed was illegally obtained. 8A Moore's Federal Practice, ¶ 41.08(4) (2d ed. 1972); 3 Wright and Miller, § 675, at 127 (1963). However, if it is

established that the seizure was made without a warrant, the burden shifts to the government to justify its action by producing clear and convincing evidence that the search and seizure in question was incident to a lawful arrest or that it fell within some other permissible exception to the 4th Amendment warrant requirement. 8A Moore's Federal Practice, ¶ 41.08(4) (2d ed. 1972); United States v. Kelly, 529 F.2d 1365 (8th Cir. 1976); United States v. Ortiz, 331 F.Supp. 514 (D.P.R. 1971).

At the hearing on this motion a considerable amount of confusion developed with respect to the burden of proof because defendant failed to elicit and put into evidence the fact that no search warrant was issued in this case. The existence or nonexistence of a warrant presents a factual issue which is material to the court's decision on the motion to suppress. For this reason, the court, though reluctantly so, must infer from the circumstantial facts in evidence that no search or arrest warrant was issued in this case. Accordingly, on this motion to suppress, the government must bear the burden of establishing that the warrantless arrest of Reginald Morton was lawful and supported by probable cause.

## III

The circumstances under which an officer may make a warrantless arrest in this jurisdiction are statutorily defined at 5 V.I.C. § 3562, wherein it is provided that an officer may, without a warrant, arrest a person at night when there is reasonable cause to believe that he has committed a felony, 5 V.I.C. § 3562(5), or when a felony has in fact been committed and he has reasonable cause for believing the person to have committed it. 5 V.I.C. § 3562(3). The meaning of reasonable or probable cause sufficient to support a warrantless arrest has often been interpreted in the case law of this and other jurisdictions. See Government

v. Rodriguez, 7 V.I. 360, 300 F.Supp. 860 (D.V.I. 1969), aff'd, 7 V.I. 456, 423 F.2d 9 (3d Cir. 1970) and In the Interest of Phillipus, 9 V.I. 83 (Mun. Ct. of V.I., Div. St. T. & St. J. 1972).

Considering a suppression issue analogous to the one in this case the court in Rodriguez, supra, held that:

"The validity of the search and seizure of the property involved in this case, therefore, depends upon the validity of the arrest of the defendants. Whether their arrest was valid in turn depends upon whether, at the moment of the arrest, the police officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge were sufficient to warrant a prudent man in believing that the defendants had committed or were committing the offenses with which they were subsequently charged. Beck v. Ohio, 1964, 370 U.S. 89, 91, 13 L.Ed.2d 142, 145."

Quoting the Supreme Court of the United States in Brinegar v. United States, 338 U.S. 160, 175–176, 93 L.Ed. 1879, 1890–1891 (1949), the Rodriguez, supra, court went on to say that probable cause must be more than "bare suspicion."

Considering an appeal from an order of suppression, the Court of Appeals for the Second Circuit in United States v. Magda, 547 F.2d 756 (2d Cir. 1976), outlined the factors it considered to be significant in justifying an investigatory stop by the police.[2] Among the factors considered in Magda, supra, were the experience of the police officer, the reputation of the area for criminal activity and the actual observable behavior of the defendant at the time. See also United States v. Dalli, 424 F.2d 45, 48 (2d Cir. 1970).

In determining whether probable cause existed in this case at the time of defendant's arrest, this court will look to the probable cause interpretation in Rodriguez, supra,

---

[2] An investigatory police stop of this kind is permissible on grounds which are somewhat *less* than that which is required to support probable cause for arrest. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed 889 (1968).

and factor-type analysis employed in Madga, supra, for guidance.

■ A review of the evidence before the court in this case indicates that the prosecution failed to put into evidence any facts regarding the nature and duration of the officer's experience on the police force other than that he is presently assigned to the Crime Prevention Unit. Furthermore, there is nothing in evidence to indicate that the area around the Royal Dane Mall has a notable reputation as a drug trafficking area. What the evidence does reflect is that the facts and circumstances within the officer's knowledge at the moment he made the arrest consisted merely of observing the defendant Morton give the sailors two rolled cigarettes in exchange for money, downtown, at night. While in the eyes of a police officer, Morton's observable behavior might appear suspicious, a warrantless arrest cannot be justified on suspicion alone. Rodriguez, supra. The court must conclude and does so find that the information within Officer Raymond's knowledge at the time he made the arrest was not sufficient to warrant a prudent man in believing that defendant Morton was then and there unlawfully distributing a controlled substance and thus, it did not rise to the level of probable cause for a warrantless arrest.

■ This court further finds, in accordance with the Third Circuit Court of Appeals' decision in Merritt, supra, that where the arrest is illegal, the subsequent search is illegal and nothing that happened thereafter (such as the discovery of narcotic drugs) can make the arrest lawful or justify a search as its incident.

For the above-stated reasons the court concludes that the prosecution, under their burden of proof, has failed to establish that the warrantless arrest of Reginald Morton was valid and supported by probable cause.

Defendant's Motion to Suppress must, therefore, be granted.

### ORDER

The premises considered and the court being fully advised, it is

ORDERED, ADJUDGED AND DECREED that defendant's Motion to Suppress be and the same hereby is granted.